## MARYLAND CASUALTY CO. v. WALSH & BURNEY CO.

### No. 10300.

Court of Civil Appeals of Texas. San Antonio.

June 22, 1938.

R. H. Mercer and Hayden C. Covington, both of San Antonio, for appellant.

Arnold & Cozby, of San Antonio, for appellee.

SMITH, Chief Justice.

Walsh & Burney Company, as a general contractor, contracted with Bexar County Water Control & Improvement District No. 3 to construct and lay a line of sewer pipe for said district.

On August 18, 1934, Walsh & Burney Company entered into a contract with Pettus Hemphill, as a sub-contractor, whereby the latter obligated himself to furnish concrete pipe, and materials, in quantities and at prices set out in great detail in the contract, to the general contractor, to be used in performing his contract with the district.

In order to secure faithful performance of his contract, Hemphill, as principal, and Maryland Casualty Company, as surety, executed a bond in the sum of $10,000 in favor of the general contractor, Walsh & Burney Company.

This suit was brought upon said bond by Walsh & Burney Company against Hemphill and the Casualty Company, alleging that Hemphill had breached his said sub-contract, to plaintiff's damage in the sum of $3,549.79, with interest and praying for recovery accordingly.

In a trial by the court without a jury, judgment was rendered in favor of Walsh & Burney Company against both Hemphill and the Casualty Company. Hemphill defaulted below and has not appealed. The Casualty Company, only, has appealed.

■ The gist of the contractor's cause of action is that the sub-contractor failed to furnish the material called for in the contract, requiring the contractor to purchase the same in the open market at higher prices than those fixed in the contract, whereby he was damaged in the sum of the difference. There is a statement of facts with the record, but no findings of fact by the court, wherefore, we must assume that every fact alleged and necessary to support the judgment was found by the trial judge upon sufficient evidence, unless the contrary is clearly shown in the presentation.

■ It appears from the record that under his contract Hemphill was obligated to supply the contractor with materials in accordance with the specifications in the contract between the contractor and the district; that Hemphill did furnish those materials as required until January, 1935, but thereafter failed to do so; that he notified the contractor of his inability, and thenceforward, with the knowledge and assistance of Hemphill and his agent, Abbott, the contractor went into the open market and purchased the required materials at the lowest price obtainable, but at a necessary advance over the price at which Hemphill was required to supply them under his contract, in the amount for which judgment was rendered; that these purchases were necessary and reasonable, and were made with the knowledge and acquiescence of the responsible agents of the Casualty Company; that such purchases were made necessary by the sub-contractor's default, and were made in accordance with the alternative provisions of the contract between appellee and Hemphill, and were fully covered and contemplated in the bond here sued on. There is a great mass of evidence in the record, much of it cumulative and unnecessary, and we have arrived at the foregoing findings after careful search of the record and eking out the essentials. Appellant has presented the appeal in nine assignments of error and an equal number of propositions in substantial duplication of the assignments of error, which are so general in their effect as to render their sufficiency extremely doubtful. But we have considered them, nevertheless, and somewhat exhaustively so, and conclude, equally generally, that they are without substantial merit.

The case is one of fact, which the trial judge has resolved against appellant, and we find no abuse of discretion in his judgment, which is affirmed.