### FOWLKES et al. v. FOWLKES et al.
### No. 10882.

Court of Civil Appeals of Texas. Galveston.

Nov. 2, 1939.

No brief filed herein for appellant, but question of Fundamental Error argued to the Court orally by Henry S. Paulus, of Yoakum, attorney in court below for appellants here, defendants there.

Paul C. Boethel, of Hallettsville, for appellees.

MONTEITH, Chief Justice.

Max Fowlkes, George Fowlkes and Ed Fowlkes, brothers of Abner Winfred Fowlkes, deceased, brought this suit to restrain Mrs. Eva Norton Fowlkes, the surviving widow of the said Abner Winfred Fowlkes, and Roy Hewett, an undertaker, from disinterring and removing the body of the deceased from the Andrews Chapel Cemetery in Lavaca County, Texas, to the Montgomery Cemetery, in Montgomery County, Texas.

A temporary writ of injunction was granted and issued on April 1, 1938, and upon final trial before the court, on October 13, 1938, judgment was rendered in favor of appellees perpetually restraining and enjoining appellants from disinterring and removing the body. No findings of fact or conclusions of law were requested and none were filed. No detailed statement of facts was filed though the parties filed an agreed statement of the facts proved in the trial court.

Appellees alleged that the interment of Abner Winfred Fowlkes in the Andrews Chapel Cemetery was in accordance with the expressed wish of the deceased and that his burial was under the direction and at the expense of appellant, Eva Norton Fowlkes; that no circumstances existed which indicated a necessity for the removal of the body of Abner Winfred Fowlkes; that Eva Norton Fowlkes has had and now has free access to the burying place of her husband and that the lot is receiving proper care and maintenance and that it has adequate marking. Appellees alleged that they cherished the memory of their brother and the sentiment that prompted his request to be interred in the family lot in said cemetery and that they desired the body to remain at its present place of burial.

Appellant Eva Norton Fowlkes in her answer denied that it had been the desire or that her husband had requested that he be buried in Andrews Chapel Cemetery. She alleged that she expected to make her permanent home in Montgomery County, Texas, with her daughter; that her deceased husband had requested that she be buried by him and that she had promised that his request would be carried out but that appellees had informed her that she could not be buried in Andrews Chapel Cemetery next to where her husband had been buried. She alleged that her daughter had desired that her father be buried in Montgomery County, Texas, but that in their grief and shock they had permitted the remains to be interred in said Andrews Chapel Cemetery, and that it was her desire to remove her deceased husband's body to Montgomery County, Texas, where she could care for and be buried next to his grave.

While it is the recognized rule in this state that the wife, upon the death of her husband, has the primary and paramount right to the possession of his body and the control of the burial or other legal disposition thereof, (Foster v. Foster, Tex.Civ.App., 220 S.W. 215, Curlin v. Curlin, Tex.Civ.App., 228 S.W. 602, Burnett v. Suratt et al., Tex.Civ.App., 67 S.W.2d 1041; 13 Tex.Jur. 500-505), the rule has also been established that when the duty to furnish proper burial has been discharged the right of custody ceases and the body is thereafter in the custody of the law, and disturbance or removal of it is subject to the control and direction of a court of equity in any case properly before it. Thus any right of the wife to remove the body after it is interred is a qualified one. 13 Tex.Jur., page 504.

In the case of Curlin v. Curlin et al., Tex.Civ.App., 228 S.W. 602, 603, the court in its opinion said: "With regard to reinterment, the right of the wife still exists, reserving always the right of the court to require a reasonable cause to be shown for it. * * * The sentiment of humanity is not only against profanation, but disturbance. This disinterment of dead bodies is discouraged by the courts, as we think the trend of decisions indicates, and is as well repugnant to the sentiment of humanity. Removal should not be permitted except under circumstances indicating a necessity or for compelling reasons therefor."

17 C.J., 1139, lays down the rule that: "Except in cases of necessity or for

laudable purposes the policy of the law is that the sanctity of the grave should be maintained, and that a body suitably buried should remain undisturbed."

Under the above authorities it was incumbent upon appellant Eva Norton Fowlkes to show that either her right as a surviving wife had been violated, or that there existed circumstances indicating a necessity or a compelling reason for the removal of her husband's body.

When appellees, by the filing of this action, invoked the powers of a court of equity, the disturbance of the resting place of said body of Abner Winfred Fowlkes became subject to the control and direction of the court and the application for an injunction sought by appellees having been granted, the judgment rendered by the trial court is binding unless and until it is shown that the court has violated the judicial discretion lodged in him.

An examination of the record discloses that appellants did not file a motion for a new trial in the lower court and that no brief or independent assignments of error have been filed in this court by appellants, their sole contention, as stated in their oral presentation in this court, being that fundamental error was committed by the trial court in rendering a judgment herein without support in the evidence.

It has been uniformly held in this state that a want of sufficiency of evidence to support a judgment is not such fundamental error as may be considered on appeal in the absence of a proper assignment of error. Colorado Life Co. v. Newell et al., Tex.Civ.App., 78 S.W.2d 1049; Chase Bag Co. v. Longoria, Tex.Civ.App., 45 S.W.2d 242, 243; 3 Tex.Jur., Section 579, page 821; Republic Insurance Co. v. Grant, Tex.Civ.App., 8 S.W.2d 550.

We have found no other errors apparent from the face of the record, and in the absence of an assignment of error we are unable to sustain this contention.

Further, since this cause was tried without the intervention of a jury and the judgment of the court rests upon issues of fact and no findings of fact were made by the court, either as such or in the judgment rendered, we are not permitted, even if inclined to do so, to substitute our own judgment and interpretation of the evidence for that of the trial court.

Under an unbroken line of authorities in this state, under the facts above referred to, we must assume that the trial court, without violating the sound judicial discretion vested in him, found every fact, alleged by appellees, necessary to support the judgment herein, upon sufficient evidence and that he further found that the facts pled and testified to by appellant Eva Norton Fowlkes and upon which she relied as a defense to appellees'. cause of action, had either not happened or that such facts did not indicate a necessity or a compelling reason for permitting the disinterment and removal of the body of Abner Winfred Fowlkes. Excel Auto Radiator Co. v. Lerer, Tex.Civ.App., 118 S.W.2d 388; Maryland Casualty Co. v. Walsh & Burney Co., Tex.Civ.App., 119 S.W.2d 94; Clifford v. Swift, 120 S.W. 112; Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722; Moody-Seagraves Ranch, Inc. v. Brown, Tex.Civ.App., 69 S.W.2d 840.

For the above reason the judgment of the trial court is in all things affirmed.

Affirmed.