## SPOLANE v. COY.

### No. 11245.

Court of Civil Appeals of Texas. Galveston.
July 10, 1941.

Gordon & Spata, of Houston, for appellant.

Pinkney H. Fowler, of Houston, for appellee.

MONTEITH, Chief Justice.

Margaret Coy, doing business as Cafe Lido, brought this suit in the Justice Court of Harris County to recover damages alleged to have been sustained by her as the result of the conversion of a certain sound system from her place of business by appellant, Henry M. Spolane.

Upon an appeal to the County Court at Law of Harris County, in a trial before the court without a jury, judgment was rendered in favor of appellee and against appellant, individually, and as the Sterling Radio Products Company, in the sum of $80.

No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

Appellee pled that appellant, who was alleged to have been doing business at the time of the alleged conversion as the Sterling Radio Products Company, had, acting by and through a duly authorized agent, removed from her place of business and converted to his own use, a sound system which had previously been purchased by her from appellant. Appellant answered by general demurrer and general denial. He specially denied that, at the time of the alleged conversion, he was doing business as the Sterling Radio Products Company.

The record shows that said sound system was purchased by appellee, on or about May 27, 1940, and that it was removed from appellee's place of business, in her ab-sence, by one Bennett, who was alleged to have been the agent of appellant, on or about June 13, 1940.

It was stipulated by appellant that on January 17, 1940, appellant had filed in the office of the county clerk of Harris County an assumed name certificate in which he stated that he was conducting his business under the name of the Sterling Radio Products Company. It was also stipulated that no certificate announcing a change in ownership in said business had been filed up to the date of the trial. It was also stipulated by the parties that the Sterling Radio Products Company had been incorporated under the same name on February 15, 1940, but that no notice of the dissolution of the business or of the intention of the owners thereof to become incorporated was given as required by law.

Appellant complains of the action of the trial court in refusing to sustain his motion for judgment on the evidence, for the alleged reason that appellee had failed to establish that an agency existed between himself and Bennett, who had removed said sound system from appellee's place of business.

While it is the general rule that the declarations of an agent that he is acting as such are not sufficient in themselves to establish the fact of agency, yet such declarations are admissible to show that the declarant purported to act as such agent, and it must then be further shown by competent testimony that he had authority to act as agent. Alford et al. v. Thomas, Tex.Civ.App., 238 S.W. 270; Hausman Bros. Packing Co. v. Allen, Tex.Civ.App., 59 S.W.2d 246; Gibson v. Gillette Motor Transport, Inc., Tex.Civ.App., 138 S.W. 2d 293; Norris Bros., Inc., v. Mattinson, Tex.Civ.App., 145 S.W.2d 204.

In the instant case, Thelma Jones, a waitress employed by appellee in her place of business, testified that, at the time of the removal of said sound system from appellee's place of business by Bennett, he had stated to her that he was working for the Sterling Radio Products Company.

Appellee testified that, on numerous occasions when she had called the Sterling Radio Products Company over the telephone, Mr. Bennett had answered the telephone and that he had told her over the telephone on one of such occasions that appellant had instructed him to take the sound system out.

Mr. P. H. Fowler, the attorney for appellee, testified that he had called the Sterling Radio Products Company over the telephone and had asked to speak to the party in charge or the person who ran the place of business, and that the party who answered the telephone had stated to him that his name was Spolane and that he ran the Sterling Radio Products Company. Mr. Fowler testified that he had then asked about the sound system in question and was told that appellee had failed to make her payments and that he had taken the system.

■ It is the settled law of this state that where a record on appeal includes a statement of facts but no findings of fact by the trial court, a reviewing court must assume that every fact alleged and necessary to support the judgment was found by the trial court upon sufficient evidence, unless the contrary is clearly shown in the presentation. Maryland Casualty Co. v. Walsh & Burney Co., Tex.Civ.App., 119 S.W.2d 94; Kinney v. Johnson, Tex.Civ. App., 135 S.W.2d 773; Massachusetts Bonding & Ins. Co. v. Pittsburg Pipe & Supply Co., Tex.Civ.App., 135 S.W.2d 818; Miller v. Texas General Agency Co., Tex. Civ.App., 141 S.W.2d 441.

■ Under the testimony above outlined the trial court was fully justified in finding that Bennett was the agent of appellant and that he was acting for him in removing said sound system from appellee's place of business.

Appellant complains of the action of the trial court in permitting the witness, P. H. Fowler, to testify in reference to the telephone conversation with appellant above referred to, for the alleged reason that such testimony was hearsay, self-serving, and was not admissible.

■■ While it is the general rule that it is necessary to the admission of testimony as to the contents of a telephone conversation that proof be made of the identity of a person with whom the witness talked, such proof is most readily afforded and is usually made by testimony of the witness that he recognized the voice of the person with whom he conversed. This rule is subject, however, to the well recognized exception that when a telephone call is made to a business office over a line maintained by it for business purposes, testimony as to a conversation with the person answering the telephone is admissible without further proof of his identity, the presumption being indulged that such person, if he represents that he is the one called, or if he assumes to have authority to receive the message, is the person called or does have such authority, in the absence of proof to the contrary. Colbert v. Dallas Joint Stock Land Bank, Tex.Com.App., 150 S.W.2d 771.

■ P. H. Fowler testified that the person answering his telephone call stated that he was the appellant and told him that he had instructed Mr. Bennett to remove said sound system. Under above facts, appellant's contention must be overruled.

Appellant assigns error in the action of the court in rendering judgment against Henry M. Spolane, doing business as Sterling Radio Products Company, for the alleged reason that the evidence is uncontroverted that the Sterling Radio Products Company had been incorporated four months prior to the time appellee's cause of action arose.

As above stated, the record shows that an assumed name certificate was filed on January 17, 1940, by appellant, in which he stated that he was the owner of Sterling Radio Products Company. It was stipulated that said certificate was never withdrawn, and that it was still on record when appellee's cause of action arose on June 13, 1940, as well as at the date of the trial. Such certificate is required to be filed under Article 5924, Revised Civil Statutes. Upon change of ownership or character of such business a withdrawal certificate is required to be filed under Article 5925, Revised Civil Statutes. It is stipulated that no such certificate was filed. It was also stipulated that the Sterling Radio Products Company was subsequently incorporated under the same name and that no notice of the change of ownership of said business was given as provided under Article 1307, Revised Civil Statutes of 1925, Vernon's Ann.Civ.St. art. 1307, which reads:

"Whenever any banking, mercantile or other business firm desires to become incorporated without a change of the firm name, such firm shall, in addition to the notice of dissolution required at common law, give notice of such intention to become incorporated, for at least four consecutive weeks in some newspaper published at the seat of State government, and in the county in which such firm has its principal business office * * *. Until such notice has been so published for the full period above

named, no change shall take place in the liability of such firm or the members thereof."

 In the absence of a showing in this record that appellant complied with the provisions of said Article 1307, appellant was personally liable for the act of his agent, Mr. Bennett, acting within the scope of his authority, as found by the trial court.

It follows from the above conclusions that the judgment of the trial court must be in all things affirmed.

Affirmed.