**Newell Gray ATKINS, Appellant,**

v.

**P. N. DAVIS et ux., Appellees.**

**No. 16274.**

Court of Civil Appeals of Texas.
Fort Worth.
Dec. 15, 1961.

Douglas E. Bergman and John W. Hicks, Jr., Dallas, for appellant.

Allen, Gambill & Gambill, and L. L. Gambill, Fort Worth, for appellees.

RENFRO, Justice.

On August 29, 1960, Mrs. Betty Jean Atkins died in the home of her parents, Mr. and Mrs. P. N. Davis, Fort Worth, Texas, and was interred in a cemetery in Fort Worth on September 1, 1960.

The above allegations were made in a suit filed in the county court on January 9, 1961, by Newell Gray Atkins, surviving spouse of the deceased, against the Mount Olivet Cemetery Association, in which the plaintiff sought to disinter the body of the deceased and remove same to Port Arthur. He requested the court to compel the defendant to consent to the disinterment and removal of the body.

Mr. and Mrs. Davis, parents of the deceased, were cited to answer as defendants.

The Cemetery Association, having been informed of the controversy between plaintiff and the Davis' and facing legal action by Atkins if it did not consent to the disinterment and by the Davis' if it did so consent, prudently adopted a neutral position

and plead its willingness to abide by judgment of a court of competent jurisdiction. The Davis' filed a plea to the jurisdiction of the county court, which was sustained.

The plaintiff contends the county court had jurisdiction by virtue of Art. 912a–22, Vernon's Ann.Civ.St., wherein it is provided that if the consent of a surviving spouse or of the cemetery association cannot be obtained, permission of the county court of the county where the cemetery is situated shall be sufficient to permit removal of the remains of a deceased person.

■■ While the right to remove a body remains with the surviving spouse, the right is a qualified one, and removal shall not be permitted except under circumstances indicating a necessity or for compelling reasons therefor. Curlin .v. Curlin, Tex.Civ. App., 228 S.W. 602; Fowlkes v. Fowlkes, Tex.Civ.App., 133 S.W.2d 241. The next of kin have some rights and owe some duties under certain conditions. Foster v. Foster, Tex.Civ.App., 220 S.W. 215

■ The act referred to above does not purport to confer jurisdiction in the county court to determine such rights.

The district court has original jurisdiction over all causes of action for which a remedy or jurisdiction is not provided by law or the Constitution. Article 1909, V.T. C.S.

■ Since the district courts have original jurisdiction and no other court has been given the jurisdiction to determine controversies such as the one herein involved between the surviving spouse and the next of kin concerning the right to disinter and remove a dead body, such causes are triable in the district court. 17 Tex.Jur.2d 486, § 2; Burnett v. Surratt, Tex.Civ.App., 67 S.W.2d 1041, error refused.

The plea to the jurisdiction filed by the Davis' was properly sustained. The judgment of the trial court is affirmed.