Harry SAMSEL and wife, Lois
Samsel, Appellants,

v.

Roxanne Chandler DIAZ and Tuleta
Community Cemetery Association,
Appellees.

No. 13–82–167–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 22, 1983.

Rehearing Denied Oct. 13, 1983.

Causey C. Quillian, III, Kennedy, for appellants.

Robert L. Joseph, Sinton, David Robertson, Kenley, Boyland, Caghlan & Griffin, Longview, for appellees.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

Harry and Lois Samsel petitioned the District Court of Bee County to remove the body of their deceased son David from the Tuleta Community Cemetery and to reinter it in Karnes County Cemetery. They alleged that it was difficult to maintain the grave because of the location and condition of the cemetery. The Samsels named the Tuleta Community Cemetery Association and David's widow, Roxanne Chandler Diaz, as defendants in the suit. After judgment was rendered against them, the Samsels brought this appeal.

The sole point of error is that the trial court erroneously submitted an instruction in its charge. The instruction is reproduced below:

"The right to control the disposition of the body of a deceased person, unless other directions shall have been made therefor by the deceased, shall be vested in, and the duty of interment (and the liability for the reasonable cost of the interment) of such deceased person shall devolve upon, his or her surviving wife or husband."

The charge contained a single special issue: whether there was a necessity or compelling reason for disinterment. The jury answered this question in the negative.

The appellants complain that the instruction regarding the right to control the disposition of the body was unnecessary and constituted a comment on the evidence. Therefore, they request that we reverse the case.

Tex.Rev.Civ.Stat.Ann. Art. 912a–20 (Vernon 1964) provides that the right to control the disposition of the body of a deceased person shall be vested in the surviving spouse. If there is no spouse, the children of the deceased have the right to dispose of the body; and if there is neither spouse nor children, the parents have the right. Case law has emphasized that the widow has the primary and paramount right to designate the place and manner of burial. See *Terrill v. Harbin,* 376 S.W.2d 945, 947 (Tex.Civ.App.—Eastland 1964, writ dism'd); *Flores v. De Galvan,* 127 S.W.2d 305, 307 (Tex.Civ.App.—San Antonio 1939, writ dism'd judgment cor.). In *Flores,* the court held that in the event of a reinterment, the right of the surviving wife to chose the burial site is paramount. But once the body has been buried, its disturbance or removal is subject to the direction of a court of equity because there is a public policy against disinterment. *Fowlkes v. Fowlkes,* 133 S.W.2d 241, 242 (Tex.Civ.App.—Galveston 1939, no writ). The courts will not permit exhumation unless there is a showing of a necessity or compelling reasons for doing so. *Ferrel v. Ferrel,* 503 S.W.2d 389, 391 (Tex.Civ.App.—San Antonio 1973, no writ). Thus, although a widow's right is paramount, it is limited by public policy considerations.

In light of the above authorities, it is clear that the instruction at issue is a correct statement of the law. Tex.R.Civ.P. 277 provides that the court shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict. Therefore, trial courts should refuse to submit unnecessary instructions, even if they are correct statements. *First State Bank & Trust Co. of Edinburg v. George,* 519 S.W.2d 198, 207 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

Submission of unnecessary instructions may be so prejudicial as to require a reversal. *Boaz v. White's Auto Store,* 141 Tex. 366, 172 S.W.2d 481, 484 (1943).

The instruction regarding the right to dispose of the body was not necessary to enable the jury to understand the special issue. In fact, there is no connection between the existence of poor conditions in the cemetery requiring disinterment of the body and the rule that the widow has the right to determine the place of burial. Thus, the trial court should not have included the instruction in its charge.

 An improper comment on the weight of the evidence occurs when the trial judge indicates an opinion as to the verity or accuracy of the facts in the case. *McDonald Transit, Inc. v. Moore,* 565 S.W.2d 43, 45 (Tex.1978). Since there is no mention of any facts in the instruction, it was not a comment on the weight of the evidence as the appellants contend. We hold that the instruction was not so prejudicial as to require a reversal. Tex.R.Civ. Proc. 434 (Vernon Supp.1983).

The judgment of the trial court is affirmed.

KENNEDY, Justice, dissenting.

I respectfully dissent. I recognize the authorities contained in the majority opinion and accept them as the law of this State. I agree with the majority that there is no connection between the existence of poor conditions in the cemetery requiring disinterment of the body and the rule that the widow has the right to determine the place of burial and that, therefore, the trial court should not have included the instruction in its charge. I disagree with the final conclusion drawn in the majority opinion that the instruction was not so prejudicial as to require a reversal.

It is my opinion that the instruction contained in the charge of the court, as follows:

"The right to control the disposition of the body of a deceased person, unless other directions shall have been made therefor by the deceased, shall be vested in, and the duty of interment (and the liability for the reasonable cost of the interment) of such deceased person shall devolve upon, his or her surviving wife or husband."

probably tipped the scales in favor of the surviving spouse's wishes in the minds of the jury. See *Levermann v. Cartall,* 393 S.W.2d 931, 936 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.).

I would reverse the case and remand for a new trial.