**Ruth D. LOVE, As Independent Executrix of the Estate of Caroline Elizabeth Duderstadt, Appellant,**

v.

**Herman WOERNDELL and Honor Woerndell, Appellees.**

No. 04–86–00344–CV.

Court of Appeals of Texas, San Antonio.

July 31, 1987.

Rehearing Denied Sept. 22, 1987.

Aaron L. Jackson, Austin, for appellant.

J. Ken Nunley, Uvalde, for appellees.

Before CADENA, C.J., and DIAL and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This appeal arises from a summary judgment rendered in favor of Herman Woerndell and Honor Woerndell (hereinafter appel-

lees) and against Ruth D. Love, Executrix of the Estate of Caroline Elizabeth Duderstadt (hereinafter appellant). The judgment cancels a Revocation Deed executed October 2, 1979, by Caroline Elizabeth Duderstadt. It also denies the appellant relief on her counterclaim which was filed on April 18, 1985.

On December 26, 1963, Caroline Elizabeth Duderstadt and T.A. Duderstadt executed a deed conveying 394 acres of land to Honor Woerndell (their daughter) and her husband Herman O. Woerndell. This deed was later filed. T.A. Duderstadt died on September 19, 1969. On October 2, 1979, Caroline Elizabeth Duderstadt executed and filed a "Revocation Deed" in an attempt to revoke and cancel the Deed of December 26, 1963. On August 31, 1982, Caroline Elizabeth Duderstadt died, and on September 27, 1982, Ruth Love, was appointed Executrix of the Estate of Caroline Elizabeth Duderstadt. On May 18, 1983, appellees initiated this cause of action against appellant to remove a cloud from appellees' title. Appellees allege that the Revocation Deed and a lawsuit, not relevant to this appeal, styled *Caroline Elizabeth Duderstadt v. Herman Woerndell and Honor Woerndell* created a cloud on their title. The heirs of Caroline Elizabeth Duderstadt were not made parties to the suit. Appellant's answer contained a counterclaim seeking to remove a cloud on the title to their land. The counterclaim sought removal of the December 26, 1963, deed alleging failure of consideration, fraud and mistake. Appellant filed a motion to dismiss appellees' cause on October 7, 1985. There is nothing in the record which reflects that the motion was ever presented to the court for a ruling. Appellees' motion for summary judgment was filed on February 24, 1986, and heard on March 24, 1986. No contraverting affidavits were filed by appellant. On the day of appellees' summary judgment hearings, appellant filed her motion for summary judgment. Nothing in the record reflects whether this motion was ever presented to the court for a ruling. Appellees' summary judgment motion, granted on April 14, 1986, cancelled the Revocation Deed of Oc-

tober 2, 1979, and denied appellant's counterclaim. It is this summary judgment which is the issue on appeal before this Court.

In point of error one, appellant contends the trial court erred in denying appellant's motion to dismiss. The record, however, reflects that the motion was never presented to the trial court for a ruling. Under these circumstances, it is axiomatic that nothing is preserved for review. Point of error one is overruled.

In point of error two, appellant contends the trial court erroneously granted a summary judgment in favor of the appellees on their cause of action since the court lacked jurisdiction due to appellees' failure to join all heirs as parties. TEX.CIV.PRAC. & REM.CODE ANN. § 17.002 (Vernon 1986) provides:

> In a suit against the estate of a decedent involving the title to real property, the executor or administrator, if any, and the heirs must be made parties defendant.

■ This case involves a suit against an estate where the Executrix was made a party defendant without the heirs being joined. Therefore, the central issue is whether this suit involves the title to real estate. Appellees' petition describes the property in question and seeks relief in a form of a "judgment cancelling the Revocation Deed and removing the cloud on Plaintiffs' [appellees'] title case [sic] by the Deed." Appellees however, struggle to contend their lawsuit does not involve title, after admitting in their brief that "due to the practicalities of title examination, the existance of this document [Revocation Deed] in the Deed Records of Medina County, Texas, constitutes a defacto cloud upon the title and operated to encumber the transfer of the property to interested third parties and its removal was necessary."

■ A suit to remove a cloud from the title to real estate is a suit involving title, and heirs are necessary party defendants. *Russell v. Texas & P. Ry. Co.*, 68 Tex. 646, 5 S.W. 686 (1887). The provisions of TEX. CIV.PRAC. & REM.CODE ANN. § 17.002

are mandatory. *See Jones v. Gibbs,* 133 Tex. 645, 130 S.W.2d 274 (1939); *Allen v. Mathews,* 210 S.W.2d 849 (Tex.Civ.App.—Austin 1948, writ ref'd n.r.e.). A judgment in a suit involving title to real estate where the heirs are not joined as party defendants, is void and does not vest title in the plaintiff nor divest the heir of title. *Allen,* 210 S.W.2d at 851, *citing East v. Dugan,* 79 Tex. 329, 15 S.W. 273 (1891). The heirs of a decedent are jurisdictionally indispensable parties to a suit against the estate which involves real estate, and the failure to join the heirs renders the judgment void. *Minga v. Perales,* 603 S.W.2d 240 (Tex.Civ.App.—Corpus Christi 1980, no writ). Failure to join jurisdictionally indispensable parties constitutes fundamental error which an appellate court must recognize when apparent from the record. *Minga,* 603 S.W.2d at 241. Jurisdiction over indispensable parties to a suit is as essential to the court's right and power to proceed to judgment as is jurisdiction of the subject matter. *Petroleum Anchor Equipment, Inc. v. Tyra,* 406 S.W.2d 891 (Tex.1966). A court proceeding in the absence of an indispensable party to the suit amounts to fundamental error which could and should be noticed by the court of appeals on its own motion. *Petroleum Anchor,* 406 S.W.2d at 892. We hold that in the case at bar, the suit was against the estate of the decedent involving title to real estate, and the heirs were indispensable parties which had not been joined. The trial court therefore lacked jurisdiction to grant the summary judgment on appellees' cause of action. The judgment is void as to appellees' cause of action. Point of error two is sustained. Points of error three, four, and six become moot and will not be discussed.

In point of error five, appellant complains the trial court erroneously granted summary judgment for the appellees on appellant's counterclaim since the evidence did not conclusively establish that the applicable statute of limitations began to run in October, 1979.

Appellant's counterclaim was for rescission of a deed based upon failure of consideration, fraud and mistake. TEX.

CIV.PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986) provides:

Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.

The four year statute of limitation is applicable to appellant's counterclaim. *Sanders v. Alamo Soil Conservation District,* 545 S.W.2d 249 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.). Appellee claims the statute of limitations had run on the counterclaim since the statute commenced running on October 7, 1979, when Caroline Elizabeth Duderstadt executed the Revocation Deed. Appellees further contend that even considering the tolling of the statute between August 31, 1982, when Caroline Elizabeth Duderstadt died, and September 27, 1982, when the executrix was appointed, the counterclaim was filed months beyond the four year limitation. We agree.

The Revocation Deed reveals that as of the date of its execution, October 7, 1979, Caroline Elizabeth Duderstadt was aware of all the claims contained in appellant's counterclaim. Further, although appellant's brief contends otherwise, appellant's counterclaim in the fifth amended answer states in reference to the discovery of the mistake in the deed sought to be rescinded or reformed: "Counter-Plaintiff [appellant] discovered the error on or about February 5, 1979, when the Woerndells [appellees] refused to join in a lignite lease with Caroline Elizabeth Duderstadt." Thus, appellant admits discovery of this error in the deed sought to be rescinded or reformed as early as February 5, 1979, which places the commencement of the statute of limitations even earlier than the date of the Revocation Deed. We hold that the record sustain the application of the four year statute of limitation as to appellant's counterclaim. Point of error five is overruled.

The summary judgment granted the appellees' on their cause of action against appellant is reversed and remanded.

The summary judgment granted the appellees as to the counterclaim of appellant is affirmed.