**Jerry O. DUEITT, Co–Independent Executor of the Estate of John P. Dueitt, Deceased, Appellant,**

v.

**Ina Mae (June) DUEITT and Earthman's, Inc., Appellees.**

**No. 01–90–00568–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 3, 1991.

Phillip W. Mintz, Houston, for appellant.

Thomas W. Long, Fleming T. de Graffenried, III, Houston, for appellees.

Before EVANS, C.J., and HUGHES and SCHNEIDER, JJ.

## OPINION

EVANS, Chief Justice.

This appeal concerns the right of a surviving spouse to control the disposition of the body of the deceased spouse after interment.

The decedent, John P. Dueitt, died on June 6, 1988, and his widow, appellee, Ina Mae (June) Dueitt, caused his body to be buried in Rest Haven Memorial Park, a cemetery operated by appellee, Earthman's, Inc. Because Earthman's regulations did not permit Mrs. Dueitt to place a memorial over her husband's grave site, she, acting upon Earthman's suggestion, caused her husband's body to be moved and reinterred in another section of the same cemetery. Thereafter, appellant, as co-independent executor of the decedent's estate, sued both appellees, Mrs. Dueitt and Earthman's, to recover damages for wrongful disinterment and for an order requiring them to return Mr. Dueitt's remains to their original resting place. Earthman's moved for summary judgment

on the basis that Mrs. Dueitt, as the surviving spouse, had statutory authority to control the disposition of Mr. Dueitt's body. Mrs. Dueitt moved for summary judgment on the same basis, and also asserting her status as co-independent executrix under Mr. Dueitt's will. Appellant then filed a motion for summary judgment, asking the trial court to construe the statute in question and to judicially declare that appellees had no right to remove the decedent's interred remains. The trial court denied appellant's motion and granted appellees' motions for summary judgment.

We are faced with the threshold question of whether the summary judgment record reflects a fundamental error that could and should be noticed by this Court. The issue is whether the trial court proceeded to judgment against a plaintiff that is not, under the law, a legal entity.

The plaintiff's petition is brought in the name of "the Estate of John P. Dueitt, Deceased," and is signed only by the attorney for the Estate. There is attached to the petition, however, an affidavit executed by Jerry O. Dueitt, co-executor of the Estate of John P. Dueitt, deceased, which recites, among other things, that he is "Co-Executor of the Estate of John P. Dueitt, Deceased, Plaintiff, in the above-entitled and numbered cause in which this Affidavit is being filed," and that he has "personal knowledge of the facts stated therein, and they are all true and correct." The plaintiff's motion for declaratory judgment and the plaintiff's response to the defendants' motions for summary judgment also purport to be filed by and on behalf of the decedent's estate. Neither pleading affirmatively recites that the personal representative is the real party plaintiff. The response, however, does bear an affidavit similar to that attached to the petition, which recites that Jerry O. Dueitt is the co-independent executor of the Estate of John P. Dueitt, deceased, and that the allegations contained in the response are true and correct.

■ An estate of a deceased person is not a legal entity and cannot sue or be sued as such. *Henson v. Estate of Bruce L.*

*Crow,* 734 S.W.2d 648, 649 (Tex.1987); *Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex.1975); *Camellia Diced Cream Company v. Chance,* 339 S.W.2d 558, 560–61 (Tex.Civ.App.—Houston 1960, no writ). The failure to join a jurisdictionally indispensable party constitutes fundamental error, which an appellate court is bound to notice if the error is apparent from the face of the record. *Love v. Woerndell,* 737 S.W.2d 50, 52 (Tex.App.—San Antonio, 1987, writ denied); *Minga v. Perales,* 603 S.W.2d 240, 241 (Tex.Civ.App.—Corpus Christi 1980, no writ). A court's jurisdiction over an indispensable party is as essential to the court's right and power to proceed to judgment as is jurisdiction of the subject matter. *Petroleum Anchor Equip., Inc. v. Tyra,* 406 S.W.2d 891, 892 (Tex.1966); *Love,* 737 S.W.2d at 52. Thus, a suit on behalf of a decedent's estate is a nullity, unless the estate's personal representative appears in or participates in the suit. *Price,* 522 S.W.2d at 691.

■ We conclude that Jerry O. Dueitt, co-independent executor of the estate of John P. Dueitt, deceased, did actively appear in his representative capacity on behalf of the party plaintiff in the case. By his action in verifying the allegations of the plaintiff's petition and plaintiff's response to the defendant's motion for summary judgment, the personal representative indicated his adoption of the plaintiff's position in the suit. Although this is not technically a misnomer case, the purpose of the suit and the nature of the claim asserted by the plaintiff are clearly reflected by the pleadings, which the personal representative effectively adopted. *See Price,* 522 S.W.2d at 692. Neither of the defendants in the suit raised the issue of the plaintiff's capacity to sue, either in the trial court or in this Court. Thus, although the issue is one of jurisdiction, neither defendant is in a position to challenge the trial court's judgment on the ground that the personal representative was not named a party plaintiff in the suit. *See King v. King,* 242 S.W.2d 925, 929 (Tex.Civ.App.—Amarillo 1951), *rev'd on other grounds,* 150 Tex. 662, 244 S.W.2d 660 (1951).

After this Court raised the issue on oral submission, appellant filed a motion for leave to substitute Jerry O. Dueitt, co-independent executor of the estate of John P. Dueitt, deceased as plaintiff/appellant in the case. Neither of the appellees have filed a contest to this motion. We conclude, because of the personal representative's active participation on behalf of the plaintiff in the trial court, that the trial court's judgment is not a nullity, and that this Court has jurisdiction over the appeal. We grant the appellant's motion and direct the judgment be reformed to properly reflect the designation of Jerry O. Dueitt, co-independent executor of the estate of John P. Dueitt, deceased, as the real party plaintiff in the suit.

We proceed to a consideration of the plaintiff's first point of error, in which he contends the trial court erred in granting a summary judgment, because it is contrary to established law that an interred body may not be removed without first obtaining the permission of a court of competent jurisdiction.

The plaintiff's petition alleged that the two defendants, the cemetery association and the surviving spouse, acting without court approval, disintered the decedent's remains, and reinterred such remains at another location in the cemetery, outside the decedent's family burial plot. The plaintiff's petition alleged the defendants' actions violated the decedent's intent and the "Estate's" rights, and asserted a right to both damages and injunctive relief. Both defendants filed motions for summary judgment asserting, in essence, that the right to control the disposition of the body of a deceased person after interment was vested in and devolved upon the surviving spouse of the decedent. The motion filed by Mrs. Dueitt suggested that her husband's remains were moved so that a suitable memorial could be placed over his burial plot. The plaintiff filed a verified response to the defendants' motions, asserting the decedent's will was silent regarding the issue of the removal of decedent's body, and because the will gave no express authority for such removal, the defendants were not authorized to remove the body without obtaining a court order.

In their briefs, and on oral submission, both sides agree that article 912a–1 of the Texas Revised Civil Statutes Annotated, expresses the legislature's intent with respect to the disposition of the body of a deceased person.

Article 912a–20,[1] entitled, "Duty of Interring and Right to Control Disposition of Remains," provides in pertinent part:

> The right to control the disposition of the body of a deceased person, unless other directions shall have been made therefor by the deceased, ... shall devolve upon, his or her surviving wife or husband. ...

Article 912a–22,[2] entitled "Removals," provides in pertinent part:

> The remains of a deceased person interred in a plot in a cemetery may be removed therefrom with the consent of the cemetery association and the written consent of the surviving wife or husband, or if there is no surviving husband or wife, then of the children; or if there is no surviving husband or wife nor children, then of the parents of the deceased; or should there be no surviving husband or wife nor children nor parent, then of the brothers and/or sisters of the deceased. If the consent of any such person or of the association cannot be obtained, permission by the county court of the county where the cemetery is situated shall be sufficient. ... This provision shall not apply to or prohibit the removal of any remains from one plot to another in the same cemetery or the removal of remains by the cemetery association from a plot for which the purchase price is past due and unpaid, to some other suitable place. Neither shall this

---

1. Amended by ch. 208, sec. 4 1989 Tex.Gen.Laws 909, 914, without reference to the repeal of said article by ch. 678, sec. 13(1) 1989 Tex.Gen.Laws 3165; now codified as Tex.Health & Safety Code Ann. § 711.002 (Vernon Pamph.1989).

2. Amended by ch. 208, sec. 5 1989 Tex.Gen.Laws 909, 914–15, without reference to the repeal of said article by ch. 678, sec. 13(1) 1989 Tex.Gen. Laws 3165; now codified as Tex.Health & Safety Code Ann. § 711.004 (Vernon Pamph.1989).

provision apply to the disinterment of remains upon order of Court or coroner.

Under the express provisions of these statutes, Mrs. Dueitt, as the surviving spouse of her deceased husband, and the defendant, Earthman's, Inc., acting with her written consent, had the paramount authority, (absent some contrary direction in the decedent's will) to remove the remains of the decedent from one plot in the cemetery and to reinter the remains in another cemetery plot. The plaintiff contends, however, that, notwithstanding these statutes, the defendants were required by law to obtain court authorization before the removal and reinterring of the decedent's remains.

The plaintiff argues that, despite the clear language of the statute, public policy considerations, expressed in the Texas case law, govern the disposition of the decedent's remains. In support of this argument, the plaintiff cites several cases beginning with *Curlin v. Curlin*, 228 S.W. 602 (Tex.Civ.App.—Amarillo 1921, no writ). In that case, suit was brought against the surviving widow and a funeral home director to prevent them from disintering and removing the body of the deceased from one lot to another in the same cemetery. The trial court entered judgment for the plaintiffs, perpetually enjoining the surviving spouse from removing or attempting to remove the decedent's body. Affirming the trial court's judgment, the court of civil appeals concluded the surviving wife had the paramount right to remove the body of her deceased husband, but that such right was a qualified one. With regard to reinterring, the court ruled that the surviving wife's rights were subject to the court's determination of whether reasonable cause existed. In so ruling, the court said:

The presumption is against a change. The sentiment of humanity is not only against profanation, but disturbance. This disinterment of dead bodies is discouraged by the courts, as we think the trend of decisions indicate, and is as well repugnant to the sentiment of humanity. Removal should not be permitted except

under circumstances indicating a necessity or for compelling reasons therefore. *Curlin*, 228 S.W. at 603.

At the time the *Curlin* case was decided, no Texas statute controlled the survivors' right to dispose of dead bodies. Article 912a–20, which was first enacted in 1934, was, of course, not before the *Curlin* court at the time of its decision. Accordingly, we do not view the *Curlin* ruling as persuasive on the issue presently before us.

The plaintiff also relies, however, on several cases that were decided after the enactment of the statute. In the first of these, *Fowlkes v. Fowlkes*, 133 S.W.2d 241 (Tex.Civ.App.—Galveston 1939, no writ), a decedent's three surviving brothers sued the decedent's surviving widow and an undertaker to prevent them from disintering and removing the decedent's body from a cemetery in Lavaca County and reinterring it in a cemetery in Montgomery County. The plaintiffs alleged that the interment in Lavaca County had been done in accordance with the decedent's express wish, but that allegation was contested by the surviving wife. After a nonjury trial, the court rendered judgment for the plaintiffs, perpetually enjoining the surviving wife from disintering and removing the decedent's body. The surviving wife did not request findings of fact or conclusions of law, and did not file a detailed statement of facts in the appeal. Neither did she file a brief in the appellate court. The only issue urged on appeal was that fundamental error was committed in the trial court by rendering a judgment that had no support in the evidence. On appeal, this Court determined the want of sufficiency of evidence to support the judgment was not such a fundamental error as might be considered on appeal in the absence of a proper assignment of error. This Court decided the trial court was presumed to have found every fact alleged by the plaintiffs and necessary to support the judgment, upon sufficient evidence, and that the surviving wife had not offered any evidence justifying or permitting the removal of the decedent's body. In its opinion, the Court restated the policy considerations noted in *Curlin*, and opined that it was incumbent upon the surviving

wife to show either her rights had been violated, or circumstances existed that indicated a necessity or compelling reason for the removal of her husband's body. *Fowlkes,* 133 S.W.2d at 243.

■ We note that the *Fowlkes* opinion omitted any mention of the statutory rights of a surviving wife under article 912a–20, although the statute had then been enacted. We further note that the Court's decision could have been based on grounds other than the wife's right of control over the disposition of the husband's body. Because there was no statement of facts, and no findings of fact and conclusions of law, the Court was required to presume that the judgment had support in the evidence on the issues raised by the pleading or tried by express or implied consent. *See Guthrie v. National Homes Corp.,* 394 S.W.2d 494, 495 (Tex.1965); *Commercial Credit Corp. v. Smith,* 143 Tex. 612, 187 S.W.2d 363, 365–66 (1945). Thus, the Court could have affirmed the trial court's judgment based on the presumed finding that the deceased had given express directions regarding the place of burial. *See* article 912a–20. Because the *Fowlkes* decision can be distinguished on its facts, we do not view it as controlling here.

In *Atkins v. Davis,* 352 S.W.2d 801 (Tex. Civ.App.—Fort Worth 1961, no writ), a surviving spouse filed suit in the county court against a Fort Worth cemetery association and her deceased husband's parents, seeking to compel the cemetery association to consent to the disinterment and removal of the decedent's body from the Fort Worth cemetery to a Port Arthur cemetery. The decedent's parents filed a plea to the jurisdiction of the county court, which was sustained. On appeal, the court determined that article 912a–22 did not purport to confer jurisdiction on the county court to determine the rights of the surviving spouse to remove the decedent's remains. In so ruling, the court said:

> While the right to remove a body remains with the surviving spouse, the right is a qualified one and removal shall not be permitted except under circumstances indicating a necessity or for com-

pelling reasons therefor. *Curlin v. Curlin,* Tex.Civ.App., 228 S.W. 602; *Fowlkes v. Fowlkes,* Tex.Civ.App., 133 S.W.2d 241. The next of kin have some rights and owe some duties under certain conditions. *Foster v. Foster,* Tex.Civ.App., 220 S.W. 215.

The court then held that only the district court had jurisdiction to determine controversies "between the surviving spouse and the next of kin concerning the right to disinter and remove a dead body." *Atkins,* 352 S.W.2d at 802.

Although the *Atkins* decision suggests that the surviving spouse may remove the decedent's remains only on a showing of "a necessity or compelling reasons," we do not find that proposition to be the only basis for the court's decision. The court in *Atkins* was faced only with a jurisdictional question of whether a surviving spouse could bring a suit in the county court to compel a cemetery association to consent to the disinterment of a decedent's body. Thus, the *Atkins* court simply determined that the district court, not the county court, had exclusive jurisdiction to determine such disputes. We view the court's further statement, that the surviving spouse is required to show either necessity or compelling reasons for removal of the decedent's remains, as mere dictum unnecessary to the court's decision, and we do not feel it is persuasive here.

Another case relied upon by the plaintiff is *Ferrel v. Ferrel,* 503 S.W.2d 389 (Tex. Civ.App.—San Antonio 1973, no writ). In that case, a surviving spouse sued the decedent's mother and church authorities, seeking to enjoin them from preventing the disinterment and removal of her husband's remains from a San Antonio cemetery to an Illinois cemetery. After a nonjury trial, the court entered a take-nothing summary judgment for the defendants. There were no findings of fact or conclusions of law, but the essential facts were undisputed. The couple was married in 1965, and in 1970, they moved to San Antonio, where they lived in a house owned by the decedent's mother. The family was in the new home for only several months, when the

decedent was shot and killed. The deceased was buried in a family owned plot in the church owned cemetery where his father and two of his brothers were buried. The surviving wife and the couple's children then returned to Chicago to live in the home where they had lived before coming to San Antonio. Early in 1972, the surviving wife sought to move the decedent's body to Chicago, and after the decedent's mother, who owned the burial plot, refused to consent to such removal, the surviving wife filed suit.

On appeal, the court of civil appeals, citing *Atkins v. Davis* and *Fowlkes v. Fowlkes,* concluded that "while the right to remove a body remains with the surviving spouse, the right is a qualified one, and removal should not be permitted except under circumstances indicating a necessity or compelling reason therefore." *Ferrel,* 503 S.W.2d at 391. The court found no evidence demonstrating "a necessity or compelling reason" for the removal of the decedent's body, and determined there was no legal basis for deciding, as a matter of law, that the surviving wife was entitled to the relief sought. *Id.* at 391. Thus, the court affirmed the trial court's take-nothing judgment.

The *Ferrel* decision is difficult to reconcile with the statute, because the court makes no mention of the surviving wife's statutory rights. Indeed, the court's opinion suggests the existence of the statute may not have been brought to the court's attention. To the extent the decision may be considered contrary to the express provisions of the statute, we choose not to follow it here.

One additional case, which is not referred to by either party, is *Samsel v. Diaz,* 659 S.W.2d 143 (Tex.App.—Corpus Christi, 1983, no writ). There, the parents of the decedent sued the surviving widow and a Bee County cemetery association to obtain authority to remove the remains of their son from the Bee County cemetery and reinter them in a Karnes County cemetery. The case was submitted to a jury on a single issue, which inquired whether there was necessity or compelling reason for the disinterment. The jury answered the question in the negative and the parents appealed. In a sole point of error, the parents contended the court had erred in submitting an instruction as follows:

> The right to control the disposition of the body of a deceased person, unless other directions shall have been made therefor by the deceased, shall be vested in, and the duty of interment (and the liability for the reasonable cost of the interment) of such deceased person shall devolve upon, his or her surviving wife or husband.

The parents complained that the instruction was unnecessary and constituted a comment on the evidence.

Affirming the trial court's judgment, the court of appeals concluded that the widow had the primary and paramount right to designate the place and manner of burial of the decedent's body. In support of this ruling, the court cited article 912a–20, *Terrill v. Harbin,* 376 S.W.2d 945, 947 (Tex. Civ.App.—Eastland 1964, writ dism'd), and *Flores v. De Galvan,* 127 S.W.2d 305, 307 (Tex.Civ.App.—San Antonio 1939, writ dism'd). In its opinion, the *Samsel* court stated that in the event of interment, the right of the surviving wife to choose the burial site is paramount. But the court further opined that "once the body has been buried, its disturbance or removal is subject to the direction of a court of equity because there is a public policy against disinterment." *Samsel,* 659 S.W.2d at 144, citing *Fowlkes,* 133 S.W.2d at 241.

The court in *Samsel* decided the trial court's instruction was not necessary to enable the jury to understand the special issue, because there was no connection between the existence of poor conditions in the cemetery requiring disinterment and the rule that the widow has the right to determine the place of burial. The court concluded, however, that the instruction was not so prejudicial as to require reversal. *Samsel,* 659 S.W.2d at 145. One justice on the panel dissented, arguing that the instruction did constitute prejudicial error. *Id.*

We agree with the holding of the court in *Samsel*, that the court's instruction was erroneous, because of the widow's statutory right to determine the place of her deceased husband's burial. We disagree, however, with the court's general statement that a widow's paramount right to disinter the decedent's body, as authorized by article 912a–22, is limited by public policy considerations that require a showing of "necessity or compelling reason" for disinterment.

■ In our opinion, the language of article 912a–22 is clear. The statute expressly provides that the remains of the deceased person interred in a plot in a cemetery may be removed therefrom with the consent of the cemetery association and the written consent of the surviving wife or husband. Based on this statute, a surviving wife or husband may agree with the cemetery association to remove the decedent's remains without first proving to a court the "necessity or compelling reason" for the disinterment.

■ When the legislature enacts a statute that provides a clear and distinct right, it must be presumed the legislative enactment established the public policy of the state with respect thereto. *Underwood v. Robison*, 109 Tex. 228, 229, 204 S.W. 314 (1918). Moreover, we must presume that a just and reasonable result was intended by the legislature. *Ragsdale v. Progressive Voters League*, 790 S.W.2d 77, 82 (Tex.App.—Dallas 1990, writ ref'd n.r.e.). Unless the statute is ruled unconstitutional, or is void for some other reason, the courts must follow the legislature's clear intendment. *Public Utility Comm'n v. Cofer*, 754 S.W.2d 121, 124 (Tex.1988). Here, we find no legal basis for disregarding the obvious intent of the legislature in enacting article 912a–22, and we believe we are compelled to follow the legislature's intent as so expressed. Thus, we reject the plaintiff's argument and overrule the first point of error.

■ In his second point of error, the plaintiff contends the trial court erred in granting the summary judgment because there is a disputed issue of fact with respect to the authority of Mrs. Dueitt under Mr. Dueitt's will to remove and reinter his remains. We overrule this point of error for the reasons given in our disposition in the first point of error, and also because there is no showing the decedent's will contains directions contrary to those given by the surviving widow. Indeed, the plaintiff judicially admitted, in his response to the motion for summary judgment, that the decedent's will was silent on the issue.

The trial court's judgment is reformed to reflect that Jerry O. Dueitt, co-independent executor of the Estate of John P. Dueitt, deceased, is the real party plaintiff; and as so reformed, the judgment is affirmed.