**The ESTATE OF C.M., Appellant,**

v.

**S.G. Individually and as Next Friend to D.G., Appellee.**

**No. 14–94–00428–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 5, 1996.

---

Kathleen Walsh Beirne, Richard Earl Griffin, John R. Clayton, Fred A. Simpson, W. Todd Barnett, Houston, for appellant.

Karen B. Lufkin, Paul F. Waldner, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## CORRECTED OPINION

ANDERSON, Justice.

The Estate of C.M.[1] appeals from a jury verdict in favor of plaintiffs, S.G., individually and S.G., as next friend to D.G. Appellees sued the estate, along with C.M.'s husband, for negligence and gross negligence based on allegations of sexual molestation of D.G. The jury found both defendants guilty of negligence and gross negligence, and awarded the plaintiffs actual and exemplary damages. The estate challenges only the finding of gross negligence. C.M.'s husband, L.C.M., is not part of this appeal. In nine points of error, the estate contends: (1) there is no evidence of gross negligence to support an award of exemplary damages; (2) the trial court erred by submitting a defective negligence per se instruction in the jury charge; (3) the award of punitive damages denied appellants due process; and (4) the trial court erred by refusing appellant's request for findings of fact and conclusions of law. We will reverse that portion of the trial court judgment against the Estate of C.M. and dismiss the appeal.

S.G. and her son, D.G., were neighbors of C.M. and L.C.M. In early 1991, D.G. confided to his mother that he had been sexually abused by L.C.M. D.G. described incidents of oral sex and fondling. D.G. was eight years old when he made these allegations. The appellees contend C.M. knew of the molestation and breached her duty to supervise D.G. in her home and her duty to report

---

1. The trial court ordered the style of the case to refer only to the parties' initials in the interest of privacy.

child abuse in accordance with the family code. *See* TEX.FAM.CODE ANN. §§ 34.01, 34.02 (Vernon 1986). Further, the appellees argued her conduct reached a level of gross negligence.

 As a threshold matter, there is a jurisdictional question in this case that neither of the parties raised. It is clear from the record that the appellees named the Estate of C.M. as a defendant, without any reference to the personal representative. However, an estate is not a legal entity and may not be sued in that capacity. *Henson v. Estate of Crow,* 734 S.W.2d 648, 649 (Tex. 1987); *Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex.1975). A suit seeking to establish the liability of an estate, and subject its property to a judgment, should ordinarily be filed against the personal representative, or in certain circumstances the heirs or beneficiaries. *Price,* 522 S.W.2d at 691; *Dueitt v. Dueitt,* 802 S.W.2d 859, 861 (Tex.App.—Houston [1st Dist.] 1991, no writ). This is a matter of fundamental jurisdiction, which cannot be waived in the case inasmuch as no legal entity was named as a defendant, there was no one to waive the defect. *Henson,* 734 S.W.2d at 649; *Dueitt,* 802 S.W.2d at 861. Moreover, because this is fundamental error, apparent from the face of the record, we are obligated to notice it. *Dueitt,* 802 S.W.2d at 861. A court may not enter judgment if it lacks jurisdiction over a party. *In the Interest of M.R.M.,* 807 S.W.2d 779, 782 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

 A judgment against an estate individually is not necessarily void, however, if the personal representative of the estate appears in or participates in the lawsuit. *Dueitt,* 802 S.W.2d at 861; *Sarny Holdings, Ltd. v. Letsos,* 896 S.W.2d 274, 275 n. 4 (Tex.App.—Houston [1st Dist.] 1995, writ denied). L.C.M. was the executor of C.M.'s estate. However, the record does not indicate that he participated in the suit in this capacity. Although he was a co-defendant at

trial, he retained separate counsel from the estate and did not make an appearance as an executor. The extent of the executor's participation in the lawsuit need not be significant in order to produce a valid judgment. In *Bernstein v. Portland Savings and Loan,* the judgment states "[T]he personal representative of the Estate ... appeared by and through its attorney of record and announced ready for trial." 850 S.W.2d 694, 700 (Tex. App.—Corpus Christi 1993, writ denied). Further, the personal representative, through his attorneys, filed a motion for sanctions "individually and as Personal Representative of the Estate of Sidney T. Bernstein, by his attorneys." *Id.* Likewise in *Dueitt,* the personal representative of the estate clearly acted on behalf of the estate in the lawsuit. In *Dueitt,* the plaintiff's petition was brought in the name of "the Estate of John P. Dueitt." *Dueitt,* 802 S.W.2d at 861. However, attached to this petition was an affidavit from the executor verifying the facts in the pleading. *Id.*

 In the present case, however, nothing in the record demonstrates that L.C.M. ever acted on behalf of the estate as a personal representative. The fact that L.C.M. never appeared or participated in the trial in his capacity as executor distinguishes this case from *Bernstein, Dueitt,* and *Sarny Holdings.* Moreover, although the appellees served process on L.C.M. as executor, he did not effectively adopt the case on behalf of the estate as the personal representatives did in *Dueitt* and *Bernstein.* Additionally, the estate was not named as a co-defendant until approximately two and a half years after the original petition was served on L.C.M. For over two years he participated in the suit as a defendant. Upon being served with citation as representative of the estate, he was put on notice of the lawsuit against the estate, but the amended pleading and service of citation did not change his participation in the suit from that of a defendant to that of a personal representative.[2] Thus, the trial court lacked jurisdiction to enter a judgment

---

2. The issue in this case is not one of notice, as in *Price* and *Sarny Holdings,* but one of law—no legal entity was named as a defendant, and because the judgment refers only to the Estate of C.M., no legal entity is named as a judgment debtor. Civil suits may be maintained only by and against parties having an actual or legal existence. *Bailey v. Vanscot Concrete Co.,* 894 S.W.2d 757, 759 (Tex.1995) (citing *Henson,* 734 S.W.2d at 649).

against the Estate of C.M. Further, when a trial court does not have jurisdiction to enter a judgment, the proper practice is for the reviewing court to set the judgment aside and dismiss the appeal. *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 827 (Tex.1961); *Anderson v. Anderson*, 786 S.W.2d 79, 81 (Tex.App.—San Antonio 1990, no writ); *See also* TEX.R.APP.P. 80(b). Accordingly, we reverse only that portion of the judgment of the trial court against the Estate of C.M., render judgment that appellee take nothing from appellant, and dismiss the estate's appeal. Because the estate is the only appellant, and its appeal is dismissed, there are no other errors regarding the judgment advanced on appeal. Thus, this opinion does not effect any changes to, or affect the validity of, the remainder of that judgment.

AMIDEI, J., concurs in the result only.