

CHIEF JUSTICE
JAMES T. WORTHEN

JUSTICES
SAM GRIFFITH
DIANE DEVASTO

# TWELFTH COURT OF APPEALS

CLERK
CATHY S. LUSK

CHIEF STAFF ATTORNEY

Thursday, June 30, 2005

Ms. Deborah G. Hankinson
2305 Cedar Springs
Suite 230
Dallas, TX 75201-6318

Mr. Ken W. Good
Kent, Good & Anderson, PC
One American Center, Suite 777
909 ESE Loop 323
Tyler, TX 75701-9684

**RE:** Case Number: 12-03-00332-CV
Trial Court Case Number: 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

**Style:** The Estate of Mildred Gunter, Appellant/Cross-Appellee
v.
Relvert Coe, M.D., and Internal Medicine Associates of Palestine, P.A.,
Appellee/Cross-Appellant

Enclosed is a copy of the Opinion issued this date in the above styled and numbered cause.
Also enclosed is a copy of the Court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: _____
Darcy Starcher, Deputy Clerk

CC: Hon. Bascom W. Bentley III
Hon. John Ovard
Ms. Janice Staples

# NO. 12-03-00332-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AMY COOPER, AS REPRESENTATIVE OF THE ESTATE OF MILDRED GUNTER, DECEASED, APPELLANT/CROSS-APPELLEE* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *RELVERT COE, M.D., APPELLEE/CROSS-APPELLANT* | § | *ANDERSON COUNTY, TEXAS* |

## OPINION

Appellant Amy Cooper, as representative of the estate of Mildred Gunter, deceased (the "estate"), appeals the trial court's order of partial summary judgment in favor of Appellee Relvert Coe, M.D. In two issues, Cooper urges that she had standing and capacity to act as the estate's representative and that the estate's survival claims were not barred by limitations. Coe cross-appealed and presents one issue relating to collateral estoppel. We reverse and remand.

## BACKGROUND

On July 17, 2002, Cooper, individually and as the representative for the estate of Mildred Gunter, deceased, Kelly Tatro, and Kristina Christian (collectively, the "plaintiffs") filed a wrongful death and survival action against Coe.[1] In their original petition, the plaintiffs alleged that the death of their mother, Mildred Gunter, was proximately caused by Coe's negligence. Cooper was identified as the representative of Gunter's estate in the case style and in the body of the petition.

---

[1] The plaintiffs also sued Internal Medicine Association of Palestine, P.A. ("IMA") under the theory of vicarious liability for Coe's alleged negligence. However, the jury found that during Coe's office visit with Gunter, Coe was not acting as an employee of IMA. The plaintiffs did not appeal this finding.

The plaintiffs also alleged that the action was maintained for all beneficiaries entitled to recover for Gunter's death under the Texas Wrongful Death Act, that the plaintiffs are Gunter's surviving children, and that the plaintiffs are the surviving legal beneficiaries provided for in the Wrongful Death Act. In his original answer, Coe specially excepted to the petition, complaining that the petition did not allege sufficient facts to show Cooper's representative capacity.

Cooper admitted in a deposition that Gunter died intestate, leaving credit card debts of a few thousand dollars. When asked whether there was a plan to deal with the letters from credit card companies and bill collectors that they were receiving on a "weekly basis," Cooper replied that there was not. However, on February 20, 2003, the plaintiffs filed an amended petition in which they alleged that Gunter died intestate and that no administration of the estate was necessary because the surviving heirs had entered into a family settlement agreement providing for the distribution of all assets of the estate and for the payment of all debts of the estate. The family settlement agreement, signed by the plaintiffs, states that the plaintiffs were the biological daughters of Gunter, that they agreed to split equally any proceeds of the estate, share and share alike, and agreed to assume responsibility for the debts of the estate, jointly and severally. Additionally, the agreement also provides that it "memorializes, in written form, the agreement of the parties in effect at the time of the death of Mildred Marie Gunter."[2]

On March 27, 2003, Coe filed a motion seeking partial summary judgment on the estate's survival claims. Coe argued that Cooper had no legal authority to file suit in a representative capacity at the time of the original petition because she did not "plead and prove" that no administration was necessary. Coe further asserted that an administration of the estate was necessary because numerous debts were outstanding. Therefore, he contended, because Cooper had no legal authority as representative of the estate at the time the original petition was filed, the plaintiffs' amended petition did not relate back to the original pleading. Consequently, Coe alleged, Cooper's claim on behalf of the estate was barred by the two-year statute of limitations for health-care liability

---

[2] The family settlement agreement does not include any provision relating to Cooper's designation as estate representative nor does the record explain why Cooper was designated. However, the identification of Cooper as estate representative in the plaintiffs' joint pleadings suggests that the designation was consensual.

2

the estate was barred by the two-year statute of limitations for health-care liability claims.[3]

In response, Cooper argued that all heirs to the estate entered into a family settlement agreement prior to filing the original petition, thereby precluding the need for a formal administration. On April 25, 2003, the trial court granted Coe's motion for partial summary judgment on the estate's survival claims. The claims of the individual plaintiffs proceeded to a jury trial. The jury found Coe 51 per cent negligent and Gunter 49 per cent negligent. However, the jury awarded zero damages to each plaintiff individually and the trial court ordered a take-nothing judgment on the plaintiffs' individual claims. This appeal followed.

## PARTIAL SUMMARY JUDGMENT

In two issues, Cooper argues that the trial court erred by granting Coe a partial summary judgment on the estate's survival claims.

### Standard of Review

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). To obtain a summary judgment, the movant must either negate at least one element of the nonmovant's theory of recovery, *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996), or plead and conclusively prove each element of an affirmative defense. *Id.*; *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* In reviewing a summary judgment in which the trial court does not state the basis for its decision in its order, we review each ground asserted in the motion and affirm the trial court's judgment if any of the grounds are meritorious. *Lovato v. Austin*

---

[3] Because the survival action is a health-care liability claim filed before September 1, 2003, it is governed by the two-year statute of limitations in the Medical Liability and Insurance Improvement Act (the "MLIIA"). *See* Act of May 30, 1977, 65th Leg., R.S., ch. 817, §§ 10.01, 1977 Tex. Gen. Laws 2039, 2052 (former TEX. REV. CIV. STAT. art. 4590i), *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (now codified at TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001-.507 (Vernon Supp. 2004-2005)). Because the complained-of actions occurred on or about October 23, 2000, the claim was time-barred based on the MLIIA on or about October 23, 2002.

*Nursing Center, Inc.*, 113 S.W.3d 45, 50 (Tex. App.–Austin 2003), *aff'd sub nom., Austin Nursing Center, Inc. v. Lovato*, No. 03-0659, 2005 WL 1124764 (Tex. May 13, 2005) (citing *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995)). Because the propriety of a summary judgment is a question of law, we review the trial court's decision *de novo*. *Lovato*, 113 S.W.3d at 50 (citing *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994)).

## Survival Claims–Standing and Capacity

In her first issue, Cooper argues that the trial court erred by granting Coe a partial summary judgment as to the survival claims because she had standing and capacity as an heir to sue on behalf of the estate. Coe disputes Cooper's authority to act on behalf of the estate, contending that because there were more than two unpaid debts of the estate, an administration of the estate was necessary.

### Applicable Law

A plaintiff must have both standing and capacity to bring a lawsuit. *Lovato*, 2005 WL 1124764, at *3. In a survival action, the decedent's estate has a justiciable interest in the controversy sufficient to confer standing. *Id.*, at *4. Because the pleadings in this case alleged that the defendants' negligent conduct caused Gunter's death, her estate had standing to pursue a claim. *See id.* Thus, the issue presented here should be characterized as one of capacity. *See id.*, at *2. In general, only the estate's personal representative has the capacity to bring a survival action. *Id.*, at *5. However, heirs at law may be entitled to sue on behalf of the decedent's estate during the four-year period allowed for instituting administration proceedings if they allege and prove that there is no administration pending and none is necessary.[4] *Id.*; *Shepherd*, 962 S.W.2d at 31-32.

A family settlement agreement is one of the alternative methods of administration sanctioned by Texas law. *Pitner v. United States*, 388 F.2d 651, 656 (5th Cir. 1967); *Shepherd*, 962 S.W.2d at 32. A family settlement agreement regarding the disposition of the estate's assets can provide support for the assertion that no administration of the decedent's estate is necessary. *Lovato*, 2005 WL 1124764, at *5. This leaves the beneficiaries of an estate free to arrange among themselves for the distribution of the estate and for the payment of expenses from that estate. *Pitner*, 388 F.2d at 656;

---

[4] Under section 37 of the Probate Code, when a person dies intestate, all of her estate vests immediately in her heirs at law, subject to payment of the debts of the estate. TEX. PROB. CODE ANN. § 37 (Vernon 2003); *Shepherd v. Ledford*, 962 S.W.2d 28, 32 (Tex. 1998).

4

*Shepherd*, 962 S.W.2d at 32. Moreover, no formal administration is necessary if the heirs of an intestate decedent make an agreement to distribute the estate and pay the bills.    *Shepherd*, 962 S.W.2d at 33-34.

### *Analysis*

Gunter died intestate, and the plaintiffs are her surviving children and heirs at law. As Gunter's heirs at law, the plaintiffs may maintain a survival suit during the four-year period the law allows for instituting administration proceedings. *See Lovato*, 2005 WL 1124764, at *5; *Shepherd*, 962 S.W.2d at 31-32. However, they must plead and prove that no administration is pending and none is necessary. *See Lovato*, 2005 WL 1124764, at *5; *Shepherd*, 962 S.W.2d at 31-31. In their first amended petition, the plaintiffs pleaded that no administration was necessary because Gunter died intestate and they entered into a family settlement agreement providing for the distribution of all assets of the estate and for the payment of all debts of the estate. The written family settlement agreement, provided in discovery and in response to Coe's motion for partial summary judgment, supports this allegation. The document includes a recital that it memorializes the agreement that was in effect at the time of Gunter's death. Because the plaintiffs, heirs of the decedent, pleaded and proved that they made an agreement to distribute the estate and pay the bills, no formal administration of the estate was necessary. *See Shepherd*, 962 S.W.2d at 33-34. Therefore, Cooper had capacity as an heir to sue on behalf of the estate.[5]

However, Coe argues that because more than two debts of the estate are unpaid, an administration was necessary. We can find no case law holding that the heirs of an intestate decedent cannot prove that no administration was necessary absent a showing that the decedent's debts were paid before a survival action was filed. *See Pitner*, 388 F.2d at 656; *Shepherd*, 962 S.W.2d at 33. In fact, case law suggests that the family settlement agreement need only arrange for the payment of debts or expenses, not that such debts be paid, in order to sue on behalf of an estate. *See Pitner*, 388 F.2d at 656; *Shepherd*, 962 S.W.2d at 33. In the case at hand, although Cooper testified that there were more than two estate debts outstanding at the time of her deposition and that the heirs had no

---

[5] We recognize that all plaintiffs, as Gunter's heirs at law, had capacity to sue on behalf of the estate. However, we again note that the plaintiffs filed joint pleadings in which Coe was designated to assert the estate's survival claims on behalf of all the heirs. Coe has not provided us with any authority stating that such a designation cannot occur by consent where no administration is necessary.

plan to deal with the letters from credit card companies and bill collectors, the agreement stated that the plaintiffs agreed to assume responsibility for the debts, jointly and severally. [6] Because the plaintiffs arranged among themselves for the payment of the estate's debts, Coe's argument is without merit. Therefore, we conclude that Coe was not entitled to partial summary judgment based on the ground that Cooper lacked legal authority to represent the estate. Accordingly, we sustain Cooper's first issue.

## Survival Claims–Relation Back Doctrine

In her second issue, Cooper argues that the trial court erred by granting Coe a partial summary judgment on limitations grounds because the amended petition, which included more specific allegations regarding her capacity, related back to the original petition. Coe contends that the relation-back doctrine is inapplicable because Cooper was without capacity when the plaintiffs' original petition was filed. Therefore, Coe's argument continues, because Cooper filed her amended petition after the estate's claims were time-barred, Coe is entitled to partial summary judgment. We have decided the capacity issue against Coe. Moreover, the Texas Supreme Court recently held that a plaintiff's "post-limitations capacity cures her pre-limitations lack thereof." *Lovato*, 2005 WL 1124764, at *5-7; *Lorentz v. Dunn*, No. 03-0790, 2005 WL 1124768, at *2 (Tex. May 13, 2005). Thus, a claim is not time-barred if the original petition asserting the plaintiff's representative capacity was filed before the statute of limitations expired, provided that capacity, if challenged, is established within a reasonable time. *Lovato*, 2005 WL 1124764, at *6-7. Moreover, a plaintiff's amended pleading alleging representative capacity satisfies the relation-back doctrine and limitations does not bar the claim. *Id.*, at *6.

The plaintiffs' original petition expressly alleged wrongful death and survival claims and stated that the plaintiffs were Gunter's surviving children and "surviving beneficiaries." Moreover, the case was styled "Amy Cooper, Individually and as Representative of the Estate of Mildred Gunter, deceased, Kelly Tatro, and Kristina Christian." In response to Coe's challenge to Cooper's capacity, the plaintiffs filed a post-limitations amended petition pleading sufficient facts to show Cooper's capacity as the estate's representative based upon the family settlement agreement. Because Cooper's

---

[6] As Cooper points out in her brief, she was not asked whether she and her sisters had a plan or an agreement relating to the payment of estate debts.

amended pleading sufficiently alleged her capacity to sue on behalf of the estate, it related back to the original petition and, thus, the estate's claims are not time-barred. Therefore, we conclude that Coe was not entitled to a partial summary judgment based on limitations. Accordingly, we sustain Cooper's second issue.

## COLLATERAL ESTOPPEL

In his cross-appeal, Coe contends that the collateral estoppel doctrine prohibits relitigation of the negligence and percentage of responsibility issues. He asks that, if this case is remanded, we remand with instructions that these issues cannot be relitigated. We cannot address these issues without issuing an advisory opinion, which is forbidden by the Texas Constitution. *See Laredo Med. Group Corp. v. Mireles*, 155 S.W.3d 417, 431 (Tex. App.–San Antonio 2004, pet. denied) (citing *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000)). Accordingly, we overrule Coe's cross-issue.

## DISPOSITION

Having sustained Cooper's first and second issues, we *reverse* the judgment of the trial court and *remand* the cause for further proceedings consistent with this opinion.

   **JAMES T. WORTHEN**   
Chief Justice

Opinion delivered June 30, 2005.
*Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.*

(PUBLISH)

7



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## JUDGMENT

### JUNE 30, 2005

### NO. 12-03-00332-CV

**AMY COOPER, AS REPRESENTATIVE OF**

**THE ESTATE OF MILDRED GUNTER, DECEASED,**

Appellant/Cross-Appellee

V.

**RELVERT COE, M.D.,**

Appellee/Cross-Appellant

Appeal from the 369th Judicial District Court
of Anderson County, Texas. (Tr.Ct.No. 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)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being inspected, it is the opinion of this court that there was error in the judgment as entered by the trial court below and that the same should be **REVERSED** and the cause **REMANDED** for further proceedings.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **REVERSED** and the cause **REMANDED** to the trial court for further proceedings in accordance with the opinion of this court; and that all costs of this appeal be, and the same are, adjudged against the Appellee/Cross-Appellant, Relvert Coe, M.D., for which let execution issue; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*