NUMBER 13-04-598-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

LORENZO GOMEZ, AS
EXECUTOR 

AND REPRESENTATIVE OF THE


ESTATE OF AGAPITO GOMEZ,                                   Appellant,

 

                                           v.

 

TEXAS WINDSTORM INSURANCE
ASSOCIATION,           Appellee.

 

 

 

                   On appeal from the 28th District
Court

                           of Nueces County, Texas.

 

 

 

            DISSENTING MEMORANDUM OPINION

 

          Before Chief Justice Valdez and Justices
Castillo and Garza

                Dissenting Memorandum Opinion by Justice
Castillo

 








Appellant,
Lorenzo Gomez, as Executor and Representative of the Estate of Agapito Gomez
("Gomez"),  appeals from the
trial court's order granting a motion to dismiss without prejudice based upon
Gomez's lack of capacity to sue and the court's consequential lack of subject
matter jurisdiction.  I would affirm.

I.  Background

An
insurance policy covering windstorm loss to a home located in Corpus Christi,
Texas, was issued to Agapito Gomez by appellee, Texas Windstorm Insurance
Association ("TWIA").[1]  On March 14, 2000, Agapito Gomez filed a
claim for loss under the policy, alleging wind-driven rain and subsequent
damage, including mold.  Agapito Gomez
died on November 20, 2000.








On
September 13, 2001, the original petition was filed, naming Agapito Gomez as
plaintiff.  Claims included breach of
contract, bad faith, and breach of statutory duties under the Texas insurance
code and the Texas deceptive trade practices act.  TWIA's original answer, filed October 9,
2001, identified numerous defenses and included a verified plea alleging
Gomez's lack of capacity.  The matter was
placed on the trial court's drop docket in January 2004.  On February 10, 2004, the trial court issued
a docket control order identifying May 5, 2004, as the deadline for joinder of
parties.  On June 11, 2004, Gomez filed a
first amended petition, continuing to name Agapito Gomez as plaintiff but
adding that "Plaintiff is deceased, having died in the course of the
adjustment of the claim.  Plaintiff is
represented by his executor and son, Lorenzo Gomez."  The petition also states that "Agapito
Gomez died on November 20, 2000.  His
will was probated on December 7, 2000, naming Lorenzo Gomez as his executor."


On June
18, 2004, TWIA filed its motion to dismiss for lack of jurisdiction, alleging
the following:  (1) Agapito Gomez, as the
only named plaintiff, was deceased and lacked capacity to sue; and (2) although
the personal representative of an estate is entitled to sue for recovery of
property belonging to the estate,[2]
and Gomez was named executor, he was never joined as a party to the suit.  TWIA urged that no person with standing to
bring the suit on behalf of the estate was ever joined as a party to the suit
prior to the deadline for joinder of additional parties.  

Gomez
responded to the motion to dismiss on June 22, 2004, and then on July 23, 2004,
filed a second amended petition changing the caption and preamble to identify
the plaintiff as "Lorenzo Gomez as the Executor and Representative of the
Estate of Agapito Gomez."  An
amended response to the motion to dismiss was filed July 29, 2004, relating
that Gomez, with TWIA's knowledge, had all times been actively involved in
pursuit of the estate's claim and that this was simply an issue of
misnomer.  Gomez urged that any error as
to party could easily be corrected by an amended petition, which would relate
back to the original petition and therefore was not fatal to the court's
jurisdiction.  

 








On
August 13, 2004, the trial court, after receiving supplemental briefing from
each party, entered its order for dismissal without prejudice.  The order reflects that "Agapito Gomez
lacks capacity to sue," and that "this court lacks subject matter
jurisdiction" over the matter. 
Gomez subsequently requested findings of fact and conclusions of law, and
further claimed that (1) the court had failed to dispose of all the claims, and
(2) "the suit was filed with a misnomer of the Plaintiff."  Findings of fact and conclusions of law were
issued on September 7, 2004, and included the following:

1.  Agapito Gomez died on November 20, 2000.

 

2.  Suit was filed September 13, 2001, in the
name of Agapito Gomez.

 

3.  TWIA's original answer of October 9, 2001,
included a verified denial of legal capacity to sue.

 

4.  The deadline to join parties passed on May 7,
2004.

 

5.  Lorenzo Gomez, as independent executor of the
estate of Agapito Gomez, was not joined as a party to this suit prior to the
deadline for party joinder set in the February 4, 2004, Docket Control Order,
and did not request leave of court to join as a party after the joinder
deadline.

 

6.  There is a defect in party plaintiff, in that
Agapito Gomez has no legal capacity to sue, and no person with standing to
bring suit on behalf of the estate was properly joined as a party. 

 

7.  The original petition is a nullity and fails
to confer subject matter jurisdiction on the court. 

 

8.  TWIA's special exceptions are sustained, the
first amended petition is a nullity and, to the extent the ruling on special
exceptions is not clear, the Order for Dismissal is reformed to add:

 








"Defendants'
Special Exception to Plaintiff's First Amended Original Petition is sustained
and the following allegations are stricken from Plaintiff's First Amended
Original Petition:  (1) the allegation in
Section I, second paragraph, that 'Plaintiff is represented by his Executor and
son Lorenzo Gomez.  Tex. Civ. Prac &
Rem. Code Sec. 71.021,' and (2) any allegation that Lorenzo Gomez, as the
independent executor of the estate of Agapito Gomez, is the plaintiff in this
case."

 

9.  TWIA's special exceptions are sustained, the
second amended petition was filed after the deadline for joinder of parties,
and there was no request for leave of court to join Lorenzo Gomez as
independent executor of the estate of Agapito Gomez as a party to this
suit.  To the extent the ruling on
special exceptions is not clear, the Order for Dismissal is reformed to add:

 

"Defendants'
Special Exception to Plaintiff's Second Amended Original Petition is sustained
and the following allegations are stricken from Plaintiff's [Second] Amended
Original Petition:  (1) the allegations
in the style and first paragraph that 'Lorenzo Gomez as the Executor and
Representative of the Estate of Agapito Gomez' is the plaintiff; (2) the
allegation in Section I, second paragraph, that 'Plaintiff is represented by
his Executor and son Lorenzo Gomez.  Tex.
Civ. Prac. & Rem. Code Sec. 71.021,' and (3) any allegation that Lorenzo
Gomez, as the independent executor of the estate of Agapito Gomez, is the
plaintiff in this case."

 

10.     The procedure of scire
facias is not appropriate here, as it is limited to those instances in which a
plaintiff dies subsequent to the filing of a lawsuit.  

 

11.     "Misnomer" is
not properly applied here where plaintiff did not "misname" the
correct party, but rather named an incorrect party.  Therefore, the second amended petition does
not "relate back" and, because the original petition was a nullity,
does not confer subject matter jurisdiction. 

 








12.     The failure to name the
personal representative of the estate as a party is a matter of fundamental
jurisdiction.  The court lacks subject
matter jurisdiction over this matter and it was properly dismissed without
prejudice on August 13, 2004.

 

This appeal followed.

II.  Separate Motion to
Determine Appellate Jurisdiction








By separate motion, Gomez contends that this Court has no jurisdiction
to address this appeal because the underlying order for dismissal was not a
final judgment.  Specifically, Gomez
urges that the order for dismissal fails to dispose of all claims, including
(1) Lorenzo Gomez's claims (urging misnomer, that Lorenzo Gomez "was a
party at the time that the Order was signed," and the order only recites
that Agapito Gomez lacks capacity to sue), and (2) the parties' claims for
costs of court.[3]    I conclude we have jurisdiction over this
appeal.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993).  Jurisdiction of a court is never presumed.  El-Kareh v. Tex. Alcoholic Beverage Comm=n, 874
S.W.2d 192, 194 (Tex. App.BHouston [14th Dist.] 1994, no writ).  Because the question of jurisdiction is a
legal question, the de novo standard of review is applied.  Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998).  If the
record does not affirmatively demonstrate the appellate court's jurisdiction,
the appeal must be dismissed.  Id.  The jurisdiction of this Court is established
exclusively by constitutional and statutory enactments.  See, e.g., Tex. Const. art. V, ' 6; Tex.
Gov=t Code Ann. ' 22.220 (Vernon 2004).  Unless one of the sources of our authority
specifically authorizes an interlocutory appeal, we only have jurisdiction over an appeal taken from a final judgment.  Lehmann v. Har-Con Corp., 39 S.W.3d 191,
195 (Tex. 2001); N. E. Indep. Sch. Dist. v. Aldridge,
400 S.W.2d 893, 895 (Tex. 1966). 
Absent an express grant of
authority, we do not have jurisdiction to review an interlocutory order.  Steeple Oil & Gas Corp. v. Amend,
394 S.W.2d 789, 790 (Tex. 1965) (per curiam); see Tex. Civ. Prac. & Rem. Code Ann. ' 51.014 (Vernon Supp. 2004-05).  Therefore, it must be determined if the order
for dismissal of the underlying action is a final judgment. 








The order of August 13, 2004, states that the underlying "named
and numbered cause" is dismissed for lack of capacity of Agapito Gomez and
"[the trial court] lacks  subject
matter jurisdiction."  Lack of
capacity as to Agapito Gomez is undisputed. 
The law provides that no cause of action may be brought in the name of a
deceased person's estate.  Austin
Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 849 (Tex. 2005) (citing Price
v. Estate of Anderson, 522 S.W.2d 690, 691 (Tex. 1975) (holding that the
"estate" of a decedent is not a legal entity and may not properly sue
or be sued as such)).  Gomez's second
amended petition, filed nearly three years after the action was initiated and
after the deadline to join parties, was the first pleading in which Gomez sought
to add a proper party plaintiff.  The
petition was untimely, and Gomez neither sought nor obtained leave of court to
file the amendment.  See Tex. R. Civ. P. 63.  Accordingly, the only named party plaintiff
at the time of the order of dismissal was Agapito Gomez, deceased, who lacked
capacity.  Lovato, 171 S.W.3d at
849.  The dismissal extended to the
entire cause as brought before the trial court. 
No claims survived this dismissal.[4]  

I agree with the majority that the order for dismissal constitutes a
final disposition of the underlying matter, that we have jurisdiction to
consider this appeal, and that Gomez's motion challenging jurisdiction of this
Court should be denied.  Lehmann,
39 S.W.3d at 195. 

III.  Issues on Appeal

Gomez, by three issues, contends that the trial court erred in
dismissing the underlying action because (1) he was authorized to bring suit
under the policy, (2) the trial court does not lose jurisdiction because of a
misnomer of the plaintiff, and (3) rights under the policy and Texas statutes
survive the death of the named insured.

IV.  Analysis

Gomez's first and third issues speak to Gomez's authority to bring a
cause of action on behalf of his deceased father and the survivability of any
claims.  His second issue addresses
whether, even if such authority exists and the claims survive, the cause of
action was properly brought in the name of a party with the requisite authority.  Since this issue is dispositive, I address it
first.  

A.  The Issue of
"Misnomer"








The trial court's findings reflect that, although Gomez was named in
Agapito Gomez's will as executor, no effort was made to timely amend the
pleading to name a proper party.  The
findings further reflect that Gomez, as executor, was the only person
authorized to bring suit on behalf of the estate, see Tex. Prob. Code Ann. '' 37, 233A (Vernon 2003), and that he was
never properly joined as a party to the suit. 
Gomez therefore urges that, by virtue of the doctrines of relation-back
and "misnomer," the second amended petition properly relates back to
the date of the first petition and suit is brought by a proper party.  

B.  Standard of ReviewBStanding and Capacity

As a component of subject matter jurisdiction, the issue of standing
is reviewed by the same standard applicable to subject matter
jurisdiction.  Tex. Ass'n of Bus.,
852 S.W.2d at 445-46.  The petition is
construed in favor of the plaintiffs and the entire record is reviewed to
determine if any evidence supports standing. 
Id.; Ford Motor Co. v. Aguiniga, 9 S.W.3d 252, 258 (Tex.
App.BSan Antonio 1999, pet denied). 








Whether a party has capacity to sue is similarly a question of law.
 Byrd v. Estate of Nelms, 154
S.W.3d 149, 155 (Tex. App.BWaco 2004, pet. denied).  A trial court's conclusions on questions of
law cannot be attacked on factual insufficiency grounds.  BMC Software Belgium, N.V. v. Marchand,
83 S.W.3d 789, 794 (Tex. 2002); Hardy v. State, 50 S.W.3d 689, 696 (Tex.
App.BWaco 2001), aff'd, 102 S.W.3d 123
(Tex. 2003).  Rather, they are reviewed
de novo and are analyzed for their correctness. 
BMC Software, 83 S.W.3d at 794; Hardy, 50 S.W.3d at
696.  Even if the conclusions of law are
not correct, the error will not require reversal if the trial court rendered
the proper judgment.  BMC Software,
83 S.W.3d at 794.

C.  The LawBStanding and Capacity

A plaintiff must have both standing and capacity to bring a lawsuit.  Coastal Liquids Transp., L.P. v. Harris
County Appraisal Dist., 46 S.W.3d 880, 884 (Tex. 2001).  "Standing" is a party's justiciable
interest in the suit and is a component of subject matter jurisdiction.  Nootsie, Ltd. v. Williamson County
Appraisal Dist., 925 S.W.2d 659, 661-62 (Tex. 1996).  In Texas, the standing doctrine requires that
there be (1) "a real controversy between the parties," that (2)
"will be actually determined by the judicial declaration
sought."  Lovato, 171 S.W.3d at
849; Nootsie, 925 S.W.2d at 662 (citing Tex. Ass'n of Bus.,
852 S.W.2d at 446).  Standing focuses on
the question of who may bring an action. 
M.D. Anderson Ctr. v. Novak, 52 S.W.3d 704, 708 (Tex. 2001)
(citing In the Interest of B.I.V., 923 S.W.2d 573, 574 (Tex.
1996)).  Without standing, a court lacks
subject matter jurisdiction to hear the case.  Tex. Ass'n of Bus., 852 S.W.2d at 443.








A plaintiff has standing when it is personally aggrieved, having
sustained an injury such that it has a personal stake in the litigation.  See Nootsie, 925 S.W.2d at 661; see
also M.D. Anderson, 52 S.W.3d at 708. 
The plaintiff must be "properly situated to be entitled to [a]
judicial determination."  Lovato,
171 S.W.3d at 849 (citing 13 Charles
Alan Wright, Arthur R. Miller and Edward H. Cooper, Wright, Miller & Cooper, Federal Practice
and Procedure: Jurisdiction: 2D ' 3531, at 338‑39 (2d ed. 1984)). 

A plaintiff must also have the capacity to pursue a claim.  Id. 
"Capacity" is a party's legal authority to act.  Nootsie, 925 S.W.2d at 661.  A decedent's estate "is not a legal
entity and may not properly sue or be sued as such."  Lovato, 171 S.W.3d at 849; Price , 522
S.W.2d at 691; see also Henson v. Crow, 734 S.W.2d 648, 649 (Tex.
1987).  Although an estate, much like a
minor or incompetent, may have suffered an injury and thus have a justiciable
interest in the controversy, it lacks the legal authority to sue, and the law
therefore grants another party the capacity to sue on its behalf.  Lovato, 171 S.W.3d at 849.[5]  

D.  AnalysisBStanding and Capacity








Agapito Gomez, deceased, had neither standing nor capacity to
sue.  However, his properly appointed
legal representative did have standing to bring claims which survived on behalf
of his estate.  See Lovato, 171
S.W.3d at 850; Shepherd v. Ledford, 962 S.W.2d 28, 31 (Tex. 1998); see
also Ford Motor Co. v. Cammack, 999 S.W.2d 1, 5 (Tex. App.BHouston [14th Dist.] 1998, pet. denied)
("only heirs or personal representatives have a justiciable interest in
recovering estate property"). 
Similarly, the estate's representative has the capacity to bring such
claims.  Lovato, 171 S.W.3d at
847; Cooper v. Coe, 2005 Tex. App. LEXIS 5091, at *7-*8 (Tex. App.BTyler June 30, 2005, pet. filed).[6]  However, the representative did not attempt
to appear as a party plaintiff in this matter until the second amended petition
was untimely filed.  

1.  Doctrine of Relation-Back

Relation-back is a doctrine by which an earlier-filed pleading tolls
the statute of limitations for claims asserted in later amended pleadings, as
long as the amendments are not based on new, distinct, or different
transactions or occurrences.  Tex. Civ. Prac. & Rem. Code Ann. ' 16.068 (Vernon 1997).  In proper circumstances, a claim which would
otherwise be time‑barred will survive if the original petition asserting
the plaintiff's representative capacity was filed before the statute of
limitations expired, provided that capacity, if challenged, is established
within a reasonable time.  See Lovato,
171 S.W.3d at 853.[7]









Texas courts recognize that the substitution of a personal
representative does not introduce a new or different cause of action and that
such a substitution will relate back to the time of the original filing of the
lawsuit, if original claims were brought in the representative's individual
capacity.  Lovato, 171 S.W.3d at
852.  In such an instance, the individual
bringing the suit was alive and had standing, but lacked capacity or authority
to bring the suit.[8]  In Cooper, the court held that the
estate's representative, as an heir, had the capacity to sue on behalf of the
mother's estate, and the relation-back doctrine operated to cure any
limitations issues.  Cooper, 2005
Tex. App.  LEXIS 5091, at *12-*13.  However, in cases of this type, the party
filing the initial pleading had standing to sue and capacity could be cured by
the relation-back doctrine.  As we have
already noted, Agapito Gomez, the named plaintiff, had no standing.

2.  Doctrine of Misnomer








Gomez therefore argues that this is simply an instance of
"misnomer," rather than of standing or capacity.  Misnomer operates to permit a party to
correct the name of a party where the correct entity is in fact a party, but
merely misnamed.[9]  See Chilkewitz v. Hyson, 22 S.W.3d
825, 828 (Tex. 1999).  Gomez urges that
because he participated in prosecution of the suit, and all parties had
knowledge that he was doing so on behalf of the estate, he should be permitted
to correct the name of the plaintiff from the deceased to Gomez, as executor
and representative of the deceased's estate. 
Gomez asserts that despite the plain identification of the plaintiff as
Agapito Gomez, "this suit was [originally] brought by Lorenzo Gomez in his
capacity as legal representative of his father's estate," and that this
misnomer, under the relation-back doctrine, easily resolves what might
otherwise be an issue.  I disagree.  In Bluebonnet Savings Bank v. Jones
Country, 911 S.W.2d 871 (Tex. App.BBeaumont 1995), rev'd on other grounds,
920 S.W.2d 679 (Tex. 1996), the court refused to ignore the fact that at all
times during the suit, Thomas Selman had been dead.  Although he was named as defendant and an
answer was filed on his behalf, he had no legal existence.  Further, neither his heirs nor the
administrator of his estate had been brought into the suit.  Despite the fact that the parties
"generally acted as though [he] were still alive," any judgment
entered against him was void.  Id.  at 880. 
The same is true with respect to prosecution of a suit:  

[S]uits can be
maintained by and against only parties having an actual or legal existence. . .
.  No suit can lawfully be prosecuted
save in the name of a plaintiff and against a defendant having a legal entity
either as a natural or as an artificial person. 
There must be a real plaintiff and a real defendant.

 

Stinson
v. King, 83 S.W.2d 398,
399 (Tex. Civ. App.BDallas 1935, writ dism'd w.o.j.).  The personal representative of a decedent's
estate is generally the only person entitled to sue to recover estate property.
 Price, 522 S.W.2d at 691; Casillas
v. Cano, 79 S.W.3d 587, 590 (Tex. App.BCorpus Christi 2002, no pet.).  








I further note that cases upon which Gomez relies do not support his
contention that this matter involves misnomer. 
In Price, 522 S.W.2d at 691, suit was brought against the estate
instead of the personal representative, but the personal representative was
served.  Although the question was not
reached, the court nevertheless noted it was not a true misnomer case:  

The mistake in a
misnomer case is one of fact, i.e. as to the correct name of the party intended
to be sued.  The mistake in the present
case is one of law, i.e. as to the party that should be sued to establish the
liability of a decedent and collect the claim out of property belonging to his
estate.  It could be argued that a
mistake of this nature is inexcusable, but we do not attempt to explore that
question here.  

 

Id. at 692. 









Embrey v. Royal Ins. Co., 22 S.W.3d 414 (Tex. 2000) in fact recognizes that an estate is not a
legal entity and therefore cannot sue or be sued.  Id. at 415 n.2 (citing Henson,
734 S.W.2d at 649).  The Embrey
court further observed that if the personal representative of an estate
participates in the case, the judgment involving the estate "may" be
valid, but because neither party raised the issue, the court simply
"assumed" that Embrey was serving as the personal representative of
the estate.  Embrey, 22 S.W.3d at
415 n.2 (citing Bernstein v. Portland Sav. & Loan Ass'n, 850 S.W.2d
694, 699 (Tex. App.BCorpus Christi 1993, writ denied)).[10]  In Pech v. Estate of Tavarez, 112
S.W.3d 282 (Tex. App.BCorpus Christi 2003, no pet.), we granted
summary judgment and dismissed the case where the estate itself was the moving
party for summary judgment.  Id.
at 284.  While we acknowledged that the
estate's personal representative's participation "may" render a
judgment valid, see id. at 288 (citing Embrey, 22 S.W.3d
at 415 n.2), I conclude Pech remains distinguishable because suit had
been brought against both the estate and its personal representative, each had
made general appearances, and the personal representative of the estate
directly participated in the case.  Id.  

Similarly, Waste Disposal Ctr., Inc. v. Larson, 74 S.W.3d 578
(Tex. App.BCorpus Christi 2002, pet. denied) does not
support Gomez's argument that his participation was sufficient to make him
effectively a party in his capacity as executor.  In Larson, suit for wrongful death was
brought against the estate, rather than against the personal
representative.  Id. at 586.  We noted this was a matter of fundamental
jurisdiction which could not be waived because no legal entity was named as a
defendant and, as such, there was no one to waive the defect.  Id. (citing Henson, 724 S.W.2d
at 469; Price, 522 S.W.2d at 691); see also Dueitt v. Dueitt, 802
S.W.2d 859, 861 (Tex. App.BHouston [1st Dist.] 1991, no writ).  Although the estate appeared and participated
in the entire case, at the conclusion of trial the estate moved for a directed
verdict on jurisdictional grounds, claiming that since it was not a legal
entity its property could not be subject to judgment.  Larson, 74 S.W.3d at 586.  The trial court granted the directed
verdict.  We confirmed that the right had
not been waived, and the trial court had no jurisdiction to enter a judgment
against the estate.  Id.  We reiterated that a suit seeking to subject
an estate's property to a judgment should ordinarily be instituted against the
personal representative or, under appropriate circumstances, the heirs or
beneficiaries.  Id. at 586 (citing
Price, 522 S.W.2d at 691). 








Gomez also relies upon Estate of C.M. v. S.G., 937 S.W.2d 8
(Tex. App.BHouston [14th Dist.] 1996, no writ), which
recognizes that a judgment against an estate is "not necessarily
void" where the personal representative of the estate appears in or
participates in the lawsuit.  Id.
at 10.  However, even though the personal
representative was a co-defendant, the record did not indicate that he
participated in the suit in his capacity as executor.  Id. 
The court also reiterated that an estate is not a legal entity, may not
be sued in that capacity, fundamental jurisdiction cannot be waived, and no
judgment may be entered where a court lacks jurisdiction over a party.  Id. at 10. "Civil suits may be maintained
only by and against parties having an actual or legal existence."  Id. at 10, n.2 (citing Bailey v.
Vanscot Concrete Co., 894 S.W.2d 757, 759 (Tex. 1995)).  








I also find Gomez's reliance upon Dueitt, 802 S.W.2d 859 to be
misplaced.  In Dueitt, suit was
brought in the name of the estate (not in the name of the deceased) to resolve
the right of a surviving spouse to control disposition of the deceased's
body.  The Dueitt court emphasized
that suit cannot be maintained by an estate and, thus, "a suit on behalf
of a decedent's estate is a nullity, unless the estate's personal
representative appears in or participates in the suit."  Id. at 861.  Further, it was not a misnomer case.  Id. 
However, the personal representative had effectively adopted the
estate's claims in his affidavit attached to the petition, which indicated his
capacity and asserted his personal knowledge and the truth of the matters
asserted in the petition, and therefore suit could proceed.[11]  Id.; see also Estate of C.M.,
937 S.W.2d at 10 (distinguishing Dueitt on same grounds). 

Case law is clear that, here, Gomez did not simply "misname"
the plaintiff:  

Our common‑law
decisions have recognized that a misidentification arises when two separate
legal entities actually exist and a plaintiff mistakenly sues the entity with a
name similar to that of the correct entity. 
Misidentification is generally distinct from misnomer.  Misnomer arises when a plaintiff sues the
correct entity but misnames it.

 

Chilkewitz, 22 S.W.3d at 828 (citations omitted); see
also Enserch Corp. v. Parker, 794 S.W.2d 2, 4-5 (Tex. 1990).  Here, because no existing entity was named as
a party plaintiff, I conclude the doctrine of misnomer does not apply. 

3.  Special Exceptions and Late
Amendment of Pleadings

Encompassed within Gomez's second issue, that "the trial court
does not lose jurisdiction because of a misnomer of the plaintiff," is his
apparent contention that the trial court erred in not permitting amendment to
the plaintiff's pleading.  Within that
contention, although not in a formal issue on appeal, is the implicit argument
that the trial court erred in granting the special exceptions and dismissing
the matter without first permitting Gomez an opportunity to cure the defect. 

a.  Standard of Review








The trial court has wide discretion in ruling on special
exceptions.  LaRue v. GeneScreen, Inc.,
957 S.W.2d 958, 961 (Tex. App.BBeaumont 1997, pet. denied); City of
Austin v. Houston Lighting & Power Co., 844 S.W.2d 773, 783 (Tex. App.BDallas 1992, writ denied).  Similarly, the trial court's refusal to
permit a party to amend its pleadings, and its dismissal of a suit is reviewed
under an abuse of discretion standard.  Mercure
Co., N.V. v. Rowland, 715 S.W.2d 677, 680 (Tex. App.BHouston [1st Dist.] 1986, writ
ref'd n.r.e.).  Whether a trial
court abused its discretion depends on whether the trial court acted without
reference to any guiding rules or principles, in other words, whether the act
was arbitrary or unreasonable.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex.
1985).  Merely because a trial court may
decide a matter within its discretion in a different manner than an appellate
court would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Id. 

b.  The Special Exceptions








The court sustained TWIA's special exceptions and, subsequent to entry
of the order of dismissal, sought to reform its judgment to incorporate its
decision to strike all references to Gomez as executor or representative of
Agapito Gomez's estate from the first and second amended petitions.  Gomez complains that the findings of fact and
conclusions of law were not ruled upon at the time the order for dismissal was
entered and were therefore waived.[12]  No reporter's record is before us.  However, the plain language of the findings
reflects that they were issued to clarify the trial court's earlier rulings,
"to the extent the court's ruling[s] on Defendant's Special Exception[s]
to Plaintiffs' First [and Second] Amended Original petition[s] [are] not clear
in the hearing record or court's order." 
Further, the rules of civil procedure do not preclude the trial court
from modifying its own judgment, if this occurred, in such circumstances.  See Tex.
R. Civ. P. 329b(d); Horseshoe Bay Resort Sales Co. v. Lake Lyndon B.
Johnson Improvement Corp., 53 S.W.2d 799, 815 (Tex. App.BAustin 2001, pet. denied).[13]  Rule 329b places no restrictions upon a trial
court's authority to sua sponte modify or set aside a judgment during the
period of its plenary power.  See
White v. Comm'rs Court of Kimble County, 705 S.W.2d 322, 325 (Tex. App.BSan Antonio 1986, no writ). 

A trial court generally is not to dismiss a case without first giving
the non-excepting party an opportunity to amend its pleadings.  See Friesenhahn v. Ryan, 960 S.W.2d
656, 658 (Tex. 1998); Marts v. Transp. Ins. Co., 111 S.W.3d 699, 706
(Tex. App.BFort Worth 2003, pet. denied).  However, the court is not required to give
the party an opportunity to amend if the pleading defect is the type that
cannot be cured by amendment.  Mowbray
v. Avery, 76 S.W.3d 663, 678 (Tex. App.BCorpus
Christi 2002, pet. denied).  Here, Gomez
asks that the amendment relate back to a pleading that was determined to be a
"nullity."  








Moreover, if the trial court sustains special exceptions but fails to
provide an opportunity to replead, before a party may complain, it must
demonstrate that such an opportunity was requested and denied.  Tex.
R. App. P. 33.1(a); Inglish v. Prudential Ins. Co., 928 S.W.2d
702, 705 (Tex. App.BHouston [1st Dist.] 1996, writ
denied).  The objecting party may also
file a motion for new trial, see Inglish, 928 S.W.2d at 705, and seek
remedy by appeal.  Low v. King,
867 S.W.2d 141, 142 (Tex. App.BBeaumont 1993, orig. proceeding); Hill
v. Lopez, 858 S.W.2d 563, 565 (Tex. App.BAmarillo
1993, orig. proceeding).  An appellant
who complains of the dismissal of a cause of action following special
exceptions must first attack the trial court's decision to sustain the special
exceptions and then attack the court's decision to dismiss the cause of
action.  Mowbray, 76 S.W.3d at
678.  

Gomez states only that the special exceptions were granted subsequent
to the judgment of dismissal and were therefore simply without effect.[14]  An appellant must challenge both the order of
dismissal and the order granting the special exceptions or face waiver of the
unchallenged issue.  Mowbray, 76
S.W.3d at 678.  Gomez never objected to a
ruling on the special exceptions before the trial court, and raises no such
issue on appeal, instead simply stating that the findings are without
effect.  Without deciding whether the
findings of fact were effective to reform the order of dismissal, I conclude
that Gomez has failed to preserve error with respect to any challenge to the
special exceptions.  See Tex. R. App. P. 33.1(a); Inglish,
928 S.W.2d at 705. 

c.  The Attempted Late Amendment








With respect to the trial court's refusal to permit the second amended
petition to add a new party to the suit, to the extent this may have been
raised as an issue, rule 37 provides that additional parties "may be
brought in" "upon such terms as the court may prescribe."  Tex.
R. Civ. P. 37; Mercure, 715 S.W.2d at 679.  "The word 'may' in rule 37 is regarded
as permissive and not mandatory."  Mercure,
715 S.W.2d at 679.  Here, the
trial court provided ample time before its prescribed deadline for addition of
parties to the suit.  The trial court
further concluded that the original petition was a nullity which failed to
confer jurisdiction upon the court.  On
this record, I cannot conclude that the trial court abused its discretion by
denying a later effort to add a party, particularly where notice was given and
the cited defect was apparent for nearly three years.  

V.  Conclusion

I conclude this is not a case of misnomer.  I would overrule Gomez's second issue on
appeal.  Because I reach this conclusion,
I do not reach his first and third issues. 
Tex. R. App. P. 47.1.  I would affirm the order of the trial court
dismissing the action below.

 

ERRLINDA
CASTILLO

Justice

 

Dissenting Memorandum
Opinion delivered and filed

this the 23rd day of March,
2006.

 

 











[1] The policy in issue was
in effect between March 15, 1999, and March 15, 2000. 





[2] Authority is provided to
the personal representative of the estate under the Texas probate code.  See Tex.
Prob Code Ann. '' 3, 233A (Vernon 2003). 





[3] Interestingly, Gomez
states that "while it is admitted that the further motion [for summary
judgment pending at the time the order for dismissal was entered] may dispose
of Lorenzo Gomez's claims," the claims for costs still remain outstanding.  The summary judgment motion and attached
evidence alleged that Gomez's claims were barred by release and waiver because
alleged damages had already been compensated for by TWIA after a 1999
windstorm, in the amounts of $247,545.13 (building), $100,000.00 (personal
property), and $52,900.00 (additional living expenses).  





[4] I disagree that
jurisdiction may attach on the bases articulated in the majority opinion.  I further note this matter is not a survival
action, as that is defined in section 71.021 of the Texas Civil Practice and
Remedies Code.  See Tex. R. Civ. P. Ann. ' 71.021 (Vernon
1997).  





[5] Unlike standing, which
may be raised at any time, a challenge to a party's capacity must be raised by
a verified pleading in the trial court.  Austin
Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 849 (Tex. 2005) (citing Tex. R. Civ. P. 93(1)‑(2); Sixth
RMA Partners v. Sibley, 111 S.W.3d 46, 56 (Tex. 2003)); see Prinz v.
Dutschmann, 678 S.W.2d 256, 259 (Tex. App.BCorpus Christi 1984, no
writ).  Here, the issue of capacity was
timely and properly raised.  





[6] Cooper v. Coe,
2005 Tex. App. LEXIS 5091, *7-*8 (Tex. App.BTyler June 30, 2005, pet. filed) (designated as
an opinion).  





[7] I would conclude that Gomez's delay of more than
two and one-half years in addressing the issue of capacity does not equate to
taking action within a "reasonable time."  Lovato is distinguishable.  There, although the trial court did not name
Lovato as administrator until nearly two years later, she had filed her
application for independent administration just two months after the survival
action was brought.  Lovato, 171
S.W.3d at 847.  





[8] Similarly, where an
amended petition is filed against an estate's representative, where the
original petition named only the estate itself, the claim will not be barred
because "the purpose and the nature of the claim asserted were clear from
the outset . . . ."  Price v.
Estate of Anderson, 522 S.W.2d 690, 692 (Tex. 1975). 





[9] I continue to note that
suit in this matter identified the deceased as the plaintiff, not the personal
representative (Lorenzo Gomez) or the estate. 






[10] Embrey involved
entry of an agreed judgment and assignment of claims against an insurer in
exchange for a covenant not to execute on the judgment.  In issue was the availability of pre-judgment
interest under the policy.  Embrey v.
Royal Ins. Co., 22 S.W.3d 414, 416 (Tex. 2000).  





[11] Gomez never provided any
such affidavit.  





[12] We note that no
challenge to any of the specific findings of fact or conclusions of law has
been raised on appeal.  





[13] Because this matter does
not involve a reformed judgment setting aside jury findings or verdict, Gomez's
reliance upon such cited cases is misplaced. 





[14] To the extent the
findings may have operated as an order granting the special exceptions and
reforming the order of dismissal (an issue not raised and which we do not
address), the time for appeal "shall run from the time the modified,
corrected, or reformed judgment is signed."  Tex.
R. Civ. P. 329b(h).