# NO. 12-09-00137-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AMY COOPER, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MILDRED GUNTER, DECEASED, KELLY TATRO AND KRISTINA CHRISTIAN, APPELLANTS* | *§* | *APPEAL FROM THE 369TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *RELVERT COE, M.D. AND INTERNAL MEDICINE ASSOCIATES OF PALESTINE, P.A., APPELLEES* | *§* | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Amy Cooper, as representative of the estate of her mother, Mildred Gunter, deceased, appeals from the trial court's judgment in her survival action against Relvert Coe, M.D. In a single issue, Cooper contends the trial court erred in admitting certain evidence. We affirm.

### BACKGROUND

In 2002, Cooper, individually and as the representative of the estate of Mildred Gunter, deceased, along with her sisters, Kelly Tatro and Kristina Christian, filed a wrongful death and survival action against Coe for his negligence in failing to properly diagnose and treat Gunter.[1] The trial court granted Coe's motion for partial summary judgment on the estate's survival claims. The wrongful death claims of the individual plaintiffs proceeded to a jury trial. The jury found Coe fifty one percent negligent and Gunter forty nine percent negligent and awarded zero damages to each plaintiff individually. Cooper appealed the partial summary judgment. This court found in her favor and reversed and remanded the case to the trial court. *See Cooper v. Coe*, 188 S.W.3d 223 (Tex. App. – Tyler 2005, pet. denied).

---

[1] The plaintiffs also sued Internal Medicine Association of Palestine, P.A. (IMA) under the theory of vicarious liability for Coe's alleged negligence. However, the jury found that during Coe's office visit with Gunter, Coe was not acting as an employee of IMA. The plaintiffs did not appeal this finding.

On remand, the trial court determined that the only remaining issue was that of damages, if any, of the estate of Mildred Gunter, deceased. This issue was tried to a jury, which found zero damages for pain and mental anguish. However, incorporating the parties' stipulation regarding funeral expenses, the judgment awards Cooper, as representative of the estate of Mildred Gunter, $5,030.55, an amount that includes prejudgment interest and court costs and reflects the decedent's percentage of responsibility.

**ADMISSIBILITY OF EVIDENCE**

In her sole issue, Cooper asserts the trial court erred in allowing the introduction of evidence about the deceased's alleged refusal of hospitalization. She argues that this evidence implicated the liability related issue of the deceased's contributory negligence, an issue that was not before the jury. Cooper further argues that the jury was to consider the issue of the amount of damages to award for pain and mental anguish without concern for the cause. Cooper asserts that it was this erroneously admitted evidence that led to the jury's award of zero damages for pain and mental anguish.

## Standard of Review

We review a trial court's evidentiary rulings for abuse of discretion. *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007). A trial court abuses its discretion when it acts without regard for any guiding principles. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995). Erroneous admission of evidence requires reversal only if the error probably, but not necessarily, resulted in an improper judgment. *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 871 (Tex. 2008). A reviewing court must evaluate the whole case, and require the complaining party to demonstrate that the judgment turns on the particular evidence admitted. *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004). Whether erroneous admission is harmful is more a matter of judgment than precise measurement. *Id*. In making that judgment, we look to the efforts by counsel to emphasize the erroneous evidence and to contrary evidence that the improperly admitted evidence was calculated to overcome. *Id*.

## Discussion

Cooper never specifies a legal theory she is relying on to support her contention that the evidence she did not want the jury to hear was inadmissible. But the gist of her argument is that the evidence is not relevant to the sole issue before the jury, the damages

question. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401. All relevant evidence is admissible, except as otherwise provided by constitution, by statute, or by the rules of evidence. TEX. R. EVID. 402.

The only question before the jury asked what sum of money would have fairly and reasonably compensated Mildred Gunter for pain and mental anguish. The question included a definition of the phrase "pain and mental anguish" and included the following instruction: "Do not reduce the amount, if any, in your answer because of the negligence, if any, of Mildred Gunter." The evidence showed that Gunter went to see her doctor on Monday, October 23. Cooper testified that Gunter did not refuse to go to the hospital that day. On cross examination, she explained that the doctor had told Gunter that he could send her to the hospital or send her home with oxygen. Gunter went home and oxygen was delivered later that day. She died of a massive pulmonary embolus on October 27. There was no other evidence that Gunter did or did not refuse to go to the hospital on October 23. However, attorneys for both sides mentioned it in their opening statements to the jury. At the end of his closing argument to the jury, counsel for Cooper pointed out that the instruction in the charge, telling them not to reduce the award because of any negligence of Gunter, addresses Coe's claim that Gunter refused to go to the hospital on October 23.

The jury was to award Cooper, as representative of the estate, an appropriate amount to compensate for Gunter's pain and suffering. To arrive at that figure, the jury had to consider how much pain and suffering Gunter endured. It is a logical inference that she would have opted to go to the hospital if she was experiencing a sufficient amount of pain and suffering.[2] Thus, whether Gunter refused to go to the hospital is relevant to the question before the jury and admissible. *See* TEX. R. EVID. 401, 402. Therefore, the trial court did not abuse its discretion in allowing the evidence of whether Gunter refused to go to the hospital. *See Alvarado*, 897 S.W.2d at 754.

---

[2] Any material fact may be proven by circumstantial evidence. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). However, Cooper has not raised the issue of sufficiency of the evidence to support the jury's finding of zero damages. We do not consider for purposes of this analysis whether this inference is sufficient to withstand attack. *See Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996).

Furthermore, if admission of the evidence had been erroneous, it would not require reversal in this case because Cooper has not demonstrated that the jury verdict turned on the complained-of evidence. *See Armstrong*, 145 S.W.3d at 144. The record shows that Gunter's condition improved on October 23 after she started using oxygen. Gunter went to the emergency room on October 24, where she was observed for at least three hours, diagnosed with vertigo, and released. After she went to the emergency room, she told her daughter she was doing better. A friend checked on Gunter on October 25 and said that Gunter looked better, and had no health complaints, or shortness of breath. No one saw or spoke to Gunter on October 26. She was found in her home on October 27 after having died of a massive pulmonary embolus. There was medical testimony that "scene findings" suggest it was more of an instantaneous death; her death was a very quick process, taking only a few seconds. Although Cooper's expert testified that the process could have taken four or five minutes, he could not say conclusively if her death was or was not instantaneous.

We note that Cooper's counsel emphasized the complained-of evidence in both his opening and closing statements to the jury. We also note that counsel's concern that this evidence would raise the issue of Gunter's negligence was addressed by an oral instruction by the trial court and a written instruction in the jury charge. Unless the record demonstrates otherwise, which it does not, we presume that the jury followed the court's instructions. *See Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 862 (Tex. 2009). Accordingly, had it been error to admit evidence that Gunter allegedly refused to go to the hospital on October 23, it would have been harmless error. *See Sevcik*, 267 S.W.3d at 871. We overrule Cooper's sole issue.

## DISPOSITION

Because the trial court's ruling on the admissibility of evidence of Gunter's alleged refusal to go to the hospital was neither erroneous nor harmful, we ***affirm*** the trial court's judgment.

        **SAM GRIFFITH**
Justice

Opinion delivered August 31, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4