NO









NO. 12-09-00137-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

AMY COOPER, INDIVIDUALLY 

AND AS REPRESENTATIVE OF
THE 

ESTATE OF MILDRED GUNTER,                '     APPEAL
FROM THE 369TH

DECEASED, KELLY TATRO AND

KRISTINA CHRISTIAN,

APPELLANTS

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

RELVERT COE, M.D. AND

INTERNAL MEDICINE
ASSOCIATES         '     ANDERSON
COUNTY, TEXAS

OF PALESTINE, P.A.,

APPELLEES

 





MEMORANDUM
OPINION

            Amy
Cooper, as representative of the estate of her mother, Mildred Gunter,
deceased, appeals from the trial court’s judgment in her survival action
against Relvert Coe, M.D.  In a single issue, Cooper contends the trial court
erred in admitting certain evidence.  We affirm.

Background

            In
2002, Cooper, individually and as the representative of the estate of Mildred
Gunter, deceased, along with her sisters, Kelly Tatro and Kristina Christian,
filed a wrongful death and survival action against Coe for his negligence in
failing to properly diagnose and treat Gunter.[1] 
The trial court granted Coe’s motion for partial summary judgment on the
estate’s survival claims.  The wrongful death claims of the individual
plaintiffs proceeded to a jury trial.  The jury found Coe fifty one percent
negligent and Gunter forty nine percent negligent and awarded zero damages to
each plaintiff individually.  Cooper appealed the partial summary judgment. 
This court found in her favor and reversed and remanded the case to the trial
court.  See Cooper v. Coe, 188 S.W.3d 223 (Tex. App. – Tyler
2005, pet. denied).

            On remand,
the trial court determined that the only remaining issue was that of damages,
if any, of the estate of Mildred Gunter, deceased.  This issue was tried to a
jury, which found zero damages for pain and mental anguish.  However,
incorporating the parties’ stipulation regarding funeral expenses, the judgment
awards Cooper, as representative of the estate of Mildred Gunter, $5,030.55, an
amount that includes prejudgment interest and court costs and reflects the
decedent’s percentage of responsibility.

Admissibility of Evidence

            In
her sole issue, Cooper asserts the trial court erred in allowing the
introduction of evidence about the deceased’s alleged refusal of
hospitalization.  She argues that this evidence implicated the liability
related issue of the deceased’s contributory negligence, an issue that was not
before the jury.  Cooper further argues that the jury was to consider the issue
of the amount of damages to award for pain and mental anguish without concern
for the cause.  Cooper asserts that it was this erroneously admitted evidence
that led to the jury’s award of zero damages for pain and mental anguish.

Standard
of Review

            We
review a trial court’s evidentiary rulings for abuse of discretion.  Bay
Area Healthcare Group, Ltd. v. McShane, 239 S.W.3d 231, 234 (Tex.
2007).  A trial court abuses its discretion when it acts without regard for any
guiding principles.  City of Brownsville v. Alvarado, 897 S.W.2d
750, 754 (Tex. 1995).  Erroneous admission of evidence requires reversal only
if the error probably, but not necessarily, resulted in an improper judgment.  Reliance
Steel & Aluminum Co. v. Sevcik, 267 S.W.3d 867, 871 (Tex. 2008).  A
reviewing court must evaluate the whole case, and require the complaining party
to demonstrate that the judgment turns on the particular evidence admitted.  Nissan
Motor Co. v. Armstrong, 145 S.W.3d 131, 144 (Tex. 2004).  Whether
erroneous admission is harmful is more a matter of judgment than precise
measurement.  Id.  In making that judgment, we look to the
efforts by counsel to emphasize the erroneous evidence and to contrary evidence
that the improperly admitted evidence was calculated to overcome.  Id.

Discussion

            Cooper
never specifies a legal theory she is relying on to support her contention that
the evidence she did not want the jury to hear was inadmissible.  But the gist
of her argument is that the evidence is not relevant to the sole issue before
the jury, the damages question.  Relevant evidence is evidence having any
tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.  Tex. R.
Evid. 401.  All relevant evidence is admissible, except as
otherwise provided by constitution, by statute, or by the rules of evidence.  Tex. R. Evid. 402.

            The
only question before the jury asked what sum of money would have fairly and
reasonably compensated Mildred Gunter for pain and mental anguish.  The
question included a definition of the phrase “pain and mental anguish” and
included the following instruction: “Do not reduce the amount, if any, in your
answer because of the negligence, if any, of Mildred Gunter.”  The evidence
showed that Gunter went to see her doctor on Monday, October 23.  Cooper
testified that Gunter did not refuse to go to the hospital that day.  On cross
examination, she explained that the doctor had told Gunter that he could send
her to the hospital or send her home with oxygen.  Gunter went home and oxygen
was delivered later that day.  She died of a massive pulmonary embolus on
October 27.  There was no other evidence that Gunter did or did not refuse to
go to the hospital on October 23.  However, attorneys for both sides mentioned
it in their opening statements to the jury.  At the end of his closing argument
to the jury, counsel for Cooper pointed out that the instruction in the charge,
telling them not to reduce the award because of any negligence of Gunter,
addresses Coe’s claim that Gunter refused to go to the hospital on October 23.

            The jury
was to award Cooper, as representative of the estate, an appropriate amount to
compensate for Gunter’s pain and suffering.  To arrive at that figure, the jury
had to consider how much pain and suffering Gunter endured.  It is a logical
inference that she would have opted to go to the hospital if she was
experiencing a sufficient amount of pain and suffering.[2] 
Thus, whether Gunter refused to go to the hospital is relevant to the question
before the jury and admissible.  See Tex.
R. Evid. 401, 402.  Therefore,
the trial court did not abuse its discretion in allowing the evidence of
whether Gunter refused to go to the hospital.  See Alvarado, 897
S.W.2d at 754.

            Furthermore,
if admission of the evidence had been erroneous, it would not require reversal
in this case because Cooper has not demonstrated that the jury verdict turned
on the complained-of evidence.  See Armstrong, 145 S.W.3d at
144.  The record shows that Gunter’s condition improved on October 23 after she
started using oxygen.  Gunter went to the emergency room on October 24, where
she was observed for at least three hours, diagnosed with vertigo, and
released.  After she went to the emergency room, she told her daughter she was
doing better.  A friend checked on Gunter on October 25 and said that Gunter
looked better, and had no health complaints, or shortness of breath.  No one
saw or spoke to Gunter on October 26.  She was found in her home on October 27
after having died of a massive pulmonary embolus.  There was medical testimony
that “scene findings” suggest it was more of an instantaneous death; her death
was a very quick process, taking only a few seconds. Although Cooper’s expert
testified that the process could have taken four or five minutes, he could not
say conclusively if her death was or was not instantaneous.

            We
note that Cooper’s counsel emphasized the complained-of evidence in both his
opening and closing statements to the jury.  We also note that counsel’s
concern that this evidence would raise the issue of Gunter’s negligence was
addressed by an oral instruction by the trial court and a written instruction
in the jury charge.  Unless the record demonstrates otherwise, which it does
not, we presume that the jury followed the court’s instructions.  See Columbia
Rio Grande Healthcare, L.P. v. Hawley, 284 S.W.3d 851, 862 (Tex.
2009).  Accordingly, had it been error to admit evidence that Gunter allegedly
refused to go to the hospital on October 23, it would have been harmless
error.  See Sevcik, 267 S.W.3d at 871.  We overrule Cooper’s sole
issue.

 

Disposition

            Because
the trial court’s ruling on the admissibility of evidence of Gunter’s alleged
refusal to go to the hospital was neither erroneous nor harmful, we affirm
the trial court’s judgment.    

                                                                                                    
SAM GRIFFITH    

                                                                                                             
Justice

Opinion delivered August 31, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(PUBLISH)









                [1] The plaintiffs also sued
Internal Medicine Association of Palestine, P.A. (IMA) under the theory of
vicarious liability for Coe’s alleged negligence.  However, the jury found that
during Coe’s office visit with Gunter, Coe was not acting as an employee of
IMA.  The plaintiffs did not appeal this finding.





                [2] Any material fact may be proven
by circumstantial evidence.  Ford Motor Co. v. Ridgway, 135
S.W.3d 598, 601 (Tex. 2004).  However, Cooper has not raised the issue of
sufficiency of the evidence to support the jury’s finding of zero damages.  We
do not consider for purposes of this analysis whether this inference is
sufficient to withstand attack.  See Cont’l Coffee Prods. Co. v. Cazarez,
937 S.W.2d 444, 450 (Tex. 1996).